85 505
85 737

CHRISTINA WOOD, Appellee v. JAMES MURRAY, Appellant.

1. **Public Lands:** TITLE: JURISDICTION. The courts of this state have jurisdiction to protect, by injunction, the possession of a pre-emptor of lands against the interference of an adverse claimant, pending the determination of the question of title by the Department of the Interior.

2. ——: ——: ——. An action for such relief may be maintained by the widow of the pre-emptor for herself and her minor children.

*Appeal from Woodbury District Court.*—HON. C. H. LEWIS, Judge.

MONDAY, MAY 23, 1892.

THE defendant appeals from an order overruling his motion to dissolve a temporary injunction granted herein against him.—*Affirmed.*

*Davis, Gantt & Keatley,* for appellant.

*George Stickney,* for appellee.

GIVEN, J.—The facts out of which this contention arises are as follows: Alexander Wood, husband of the plaintiff, filed his declaratory statement under the pre-emption laws of the United States, in the United States land office at Des Moines, on the thirteenth day of September, 1887, upon the west half of the northeast quarter of section 33, township 89, range 44 west, Woodbury county, Iowa, and paid the register's

and receiver's fees, receiving receipt therefor. Mr. Wood and his family, consisting of his wife, the plaintiff, and their five minor children, were then living upon the land, and continued to reside thereon until the death of Mr. Wood, January 21, 1889, since which the plaintiff and her children have continuously resided in the same place. On the sixteenth day of December, 1887, the defendant entered as a homestead the north half of said quarter section, which included the north half of the eighty pre-empted by Wood. A contention arising as to which party was entitled to the forty acres, the matter was submitted to the local land office, and decided in favor of this defendant. On appeal to the commissioner of the general land office, he decided in favor of this plaintiff, and the matter is now pending on appeal before the honorable secretary of the interior. This defendant having entered upon said forty-acre tract, and prevented the plaintiff and her minor son from cultivating the same, a temporary injunction was granted upon the plaintiff's petition, restraining the defendant from cultivating said land, or in any manner interfering with the peaceable possession of the plaintiff in the same. It does not appear that administration was granted upon the estate of Alexander Wood, nor that any guardian has been appointed for his children, all of whom are minors.

I. It will be observed that neither party has acquired title from the United States. The appellant contends that, as the legal and equitable

1. PUBLIC LANDS: TITLE: JURISDICTION.

title remains in the United States, the courts have no jurisdiction to determine which party is entitled, upon compliance with the law, to have title from the United States. The authorities are uniform in holding that this issue between the parties must be determined by the proper department of the government, and that the courts have no jurisdiction thereof. *Marquez v. Frisbie*, 101 U. S. 473;

*Forbes v. Driscoll*, 31 N. W. Rep. (Dak.) 633. The latter case was a contest between parties, each claiming pre-emption, the junior pre-emptor contending that the senior had abandoned the land. The cases relating to jurisdiction are cited at length, and the conclusion reached that jurisdiction was exclusively in the land department. It is said, however: "It is not meant to be understood by this decision that an action for possession does not lie, under section 650 of the Code of Civil Procedure, to protect the actual possession of the pre-emptor against an intruder, or that such action might not lie to recover, beyond the actual possession, the entire quarter section as against a trespasser." The case before us is not a contest as to title, nor as to which party is entitled, upon full compliance with the law, to receive a patent from the United States. It is simply a question whether, under the facts and circumstances, the defendant should be restrained from interfering with the plaintiff's possession pending the determination of her rights by the secretary of the interior. The pre-emption by Mr. Wood being the first in point of time, and sustained by the commissioner of the general land office as superior to the defendant's claim, possession thereunder should be protected pending the appeal to the secretary. To do so does not in any wise attempt to control the action of the department, nor determine the question before it; it simply maintains the parties *in statu quo* until their rights are determined by the proper tribunal.

II. The appellant argues that the plaintiff has no such interest as entitles her to maintain this action, for the reason that under Revised Statutes of the United States, section 2269, the right to make proof and payment under this pre-emption entry is reserved to the executor, administrator, or heirs of her deceased husband. Under our statute, the plaintiff, as the surviving parent, is the natural guar-

dian of her minor children, and, in the absence of a guardian of their property, is entitled to manage such of their property as is derived from the deceased parent. Code, sections 2241–2243. The plaintiff, though not strictly speaking an heir of her husband, yet, has such an interest in this pre-emption right, as widow and natural guardian, as entitles her to protect that right by preserving the possession in herself and her children until it shall be determined whether an administrator or heirs will be permitted to make proof and payment under that pre-emption entry.

It is urged that, if she is entitled to relief, it must be by action at law; but, as we have seen, it is not a question of title, but simply of her right to be protected in her possession pending the appeal to the interior department. The law could not afford the relief which is asked, and to which we think the district court properly held the plaintiff to be entitled.

The judgment of the district court is AFFIRMED.