M. IRTIE MATTHEWS v. JOHN H. O'BRIEN.[1]

December 6, 1901.

Nos. 12,709--(85).

## Public Land—Jurisdiction of State Courts.

The courts will not assume jurisdiction in disputes over title to United States government lands, where it appears that title is still pending and undetermined in the government land department. McHenry v. Nygaard, 72 Minn. 2. But, where the action is based upon the right of possession only, such rule does not apply.

## Homestead Entry—Trespass.

An action may be maintained by a homestead entryman in possession against a subsequent trespasser to recover damages in cropping the land. It is immaterial that the possession of the trespasser commenced prior to the issuing of the homestead entry, if such possession was not acquired and continued by virtue of any individual right of entry.

Action in ejectment in the district court for Stevens county. The case was tried before Powers, J., and a jury, which rendered a verdict in favor of plaintiff for possession of the land, and $675 for the use and occupation thereof. From an order denying a motion for judgment in his favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Lewis C. Spooner* and *Thomas Kneeland*, for appellant.

*Cliff & Purcell*, for respondent.

LEWIS, J.

The complaint in this action alleges that ever since April 20, 1896, respondent has been the owner of the one hundred sixty acres in question, on which, the same being vacant government land, subject to entry, she obtained a homestead entry. During the year 1896, and subsequent to the date of her entry, appellant unlawfully entered into possession of these premises, which he has ever since continued to cultivate and occupy. This action is brought to recover damages for the crop of 1897 so raised by respondent and cropped by appellant, and for damages which oc-

[1] Reported in 88 N. W. 12.

curred to her garden in 1900. The prayer for relief is that respondent be adjudged owner and entitled 'to possession of the land, and for damages sustained by her. The answer put in issue the allegations of the complaint, denied possession, and set up in detail the facts in reference to a contest of respondent's homestead entry, which was alleged to be still pending in the United States land department. At the trial the parties stipulated the facts with reference to the title, and the question of damages was submitted to the jury.

The principal question in the case is, was respondent entitled to recover damages by virtue of her homestead entry, the validity of which was pending on appeal before the land commissioner? To understand the rights of the parties, it will be necessary to state the precise situation as determined by the stipulated facts. The land in question was supposed to have been included in what is known as the St. Paul, Minneapolis & Manitoba Railway Company's indemnity limits, which prior to October, 1896, had been withdrawn from the public; but in that month the railway company's claim was decided adversely to it, and the land held open for settlement. In January, 1896, respondent made application for a homestead entry, which was granted on April 20, 1896, and she received the usual certificate to that effect. In the following June appellant made application for a homestead entry upon the same land, on which he had been a resident and occupant for some years previous to his application. In July, 1896, respondent entered into possession. Appellant's application was rejected by the local land officers, and upon his application the general land department instituted a contest against respondent's entry, in which contest the local land officers decided for respondent. Appellant appealed to the general land commissioner, who reversed the decision; but upon appeal to the secretary of the interior the decision was again reversed, and respondent's entry reinstated, under a decision of September 6, 1899. In April, 1900, appellant instituted another contest against respondent, based upon the ground of abandonment, and, having been defeated by the local land officers, appealed to the general land commissioner, which

appeal was still pending at the commencement of this action in the lower court.

Appellant contends that the main issue between the parties is a question of title, and that under the authority of McHenry v. Nygaard, 72 Minn. 2, 74 N. W. 1106, the courts will not aid the respondent in determining her title, for the reason that her homestead entry is still in dispute in the United States land department. Respondent, on the contrary, asserts her right to maintain this action simply by the right of possession. In other words, this is an action resting upon the right of possession, and not one to determine title. It must be admitted that under McHenry v. Nygaard, supra, and the authorities there cited, the courts will not assume jurisdiction for the determination of a dispute as to the title in United States government lands when it appears that the question of title is still undetermined and pending before the government land department. This rule has been established by the supreme court of the United States, and followed by the various state courts. Therefore the only question for our determination is whether this is an action to determine title, or an action for damages based merely upon the right of possession.

From the statement of facts it will be noticed that appellant does not assert any title in himself by virtue of any undetermined contest in the United States land department, all proceedings in that respect having been terminated. Neither does it appear that his possession of the premises is based upon his own entry. He can claim nothing by reason of his actual possession of the land by virtue of his attempted entry, or by virtue of the first contest instituted against respondent; these proceedings having been terminated adversely to him. Respondent asserts her right to maintain this action upon the fact that she received a valid homestead entry, by virtue of which authority she entered into possession of the premises, and appeals to the courts in this action to aid her in maintaining possession so acquired by such homestead entry. Under the facts as we understand them, it is our opinion that respondent is correct in her theory of the law.

By G. S. 1894, § 5753, the receipt or certificate issued by the United States land office of the entry of a tract is prima facie

evidence that the title to such lands is in the person named therein. When the proper United States land officer executes and delivers such a certificate, it is upon its face valid, and carries with it the authority in the holder thereof to enter into possession of the land and cultivate the same, in order that the homestead law may be complied with. Possession being necessary to the acquisition of a title under that law, no rule should be adopted which will prevent the holder of such a certificate from complying with the law. Therefore, if respondent was the holder of a homestead entry, and was prevented from entering into full possession thereof by some act on the part of appellant, the courts will aid her in accomplishing that which it was the purpose of the law she should accomplish when furnished with the certificate. The fact that appellant was already in occupancy of a part of the premises when respondent took possession is immaterial, since he held not by virtue of any right instituted on behalf of himself. The authorities cited by appellant are all cases which involve primarily the question of title, and only incidentally the question of the right of possession. As an authority in support of respondent's position, Fulmele v. Camp, 20 Colo. 495, 39 Pac. 407, is in point although in that case the trespasser entered after the entryman had taken possession. But the principle is the same whether the entry of the trespasser takes place subsequent to the time of the legal entry, or his possession commenced prior thereto and continued thereafter.

Order affirmed.