[Sac. No. 997. Department Two.—December 24, 1903.]

## H. F. GRUWELL, Appellant, v. JOHN ROCCA, Respondent.

MINING CLAIMS—ACTION TO QUIET TITLE—FINDINGS—SUPPORT OF JUDGMENT—MATTERS OF EVIDENCE—ULTIMATE FACTS.—In an action to quiet title to mining claims, findings that plaintiff is not the owner or entitled to possession of the property, and that since a certain date the defendant has been the owner, in possession, and entitled to the possession of the property, are sufficient to support a judgment for the defendant; and matters of evidence relating to proceedings in the land office, the citizenship of the parties, and other matters, though proper to be considered by the court in reaching the ultimate facts found by the court, are not required to be passed upon in the findings.

ID.—RIGHT OF PURCHASE UNDER MINING LAWS—CONTEST IN LAND OFFICE—PROVINCE OF STATE COURT.—Where a contest in the land office of the United States of the right to purchase mining property from the federal government under the mining laws is referred to the state courts to determine the question of "the right of possession," the state court must determine that question by a proceeding

CXLI. Cal.—27

authorized by the state laws as though no contest were pending in the land office, and does not concern itself whether or not its judgment can be used in the land office.

ID.—ERRONEOUS PART OF JUDGMENT—EXCESS OF JURISDICTION—MODIFICATION OF JUDGMENT.—A part of the judgment in the superior court, declaring that the defendant is entitled to purchase certain named mining claims from the government of the United States, and to receive a patent therefor, is erroneous and in excess of jurisdiction, and will be stricken from the judgment upon appeal.

APPEAL from a judgment of the Superior Court of Tuolumne County.  G. W. Nicol, Judge.

The facts are stated in the opinion.

J. F. Rooney, for Appellant.

The right of possession of a mining claim under the laws of the United States depends upon citizenship, which must be both averred and proved.  (*Harris* v. *Kellogg,* 117 Cal. 488; *Le Doon* v. *Tesh,* 68 Cal. 44, 48; U. S. Rev. Stats., sec. 2319.)

F. W. Street, for Respondent.

The action was merely an ordinary action to quiet title, and was not brought like *Le Doon* v. *Tesh,* 68 Cal. 44, under the Revised Statutes of the United States, and citizenship and the proceedings in the land office were not in issue here. (*Quigley* v. *Gillett,* 101 Cal. 467; *Harris* v. *Kellogg,* 117 Cal. 484.)

COOPER, C.—This action was brought to quiet plaintiff's title to certain portions of the San Felipe Quartz Mine, in Tuolumne County, and to have a decree that plaintiff is the owner and entitled to the possession thereof.  Findings were filed upon which judgment was entered for defendant.  This appeal is from the judgment upon the judgment-roll, and the only contention is, that the findings do not support the judgment.

The court found that plaintiff is not the owner nor entitled to the possession of the premises claimed by him; and that since April, 1882, defendant has been the owner, in the possession, and entitled to the possession of the same.  These find-

ings are sufficient to support the judgment. In the pleadings and in the findings there is much surplusage. There are allegations and findings as to a mining location by plaintiff of the land in contest, also of prior locations by one Richeri and of conveyances by Richeri to defendant. There is no issue and no finding as to whether or not defendant is a citizen of the United States. The plaintiff contends that from the findings of fact as to plaintiff's location and citizenship, and the want of any finding that defendant is a citizen of the United States, the court should have concluded as matter of law that plaintiff is entitled to the possession of the mining claim. There is nothing in the probative facts found inconsistent nor in conflict with the ultimate facts. The court does not find as to whether or not defendant is a citizen of the United States, but we regard the matter as wholly immaterial here. This is not an action under section 2326 of the Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 1430) to determine which of the parties is entitled to purchase the land under the mining laws of the United States. Indeed, Congress could not impose upon the state courts the duty and labor of determining for the land department who is entitled as between conflicting claimants to purchase from the government, nor has it attempted to do so. The section of the Revised Statutes referred to makes it the duty of an adverse claimant to commence proceedings in a court of competent jurisdiction to determine "the question of the right of possession." But this question must be determined by the state courts, by a proceeding authorized by the laws of the state, and not by reason of the Revised Statutes. The laws of our state authorize superior courts to determine adverse claims to land when the parties bring the issue before the court in a proper manner. (*Altoona Q. M. Co.* v. *Integral Q. M. Co.*, 114 Cal. 100.) The proceedings in the land department, the citizenship of the parties, and other matters may be heard by the trial court for the purpose of determining who is entitled to the possession, but they are only matters of evidence to aid the court in arriving at the ultimate fact. As said by Mr. Justice Temple in the case cited, "The rights of the parties will be entirely determined by the laws of the United States granting the right to enter upon

the mineral lands and to extract metal therefrom, and to acquire title thereto, but the suit must be tried in every respect as though no contest was pending in the land office of the United States in regard to the right to purchase the same.'' The state court does not concern itself with the question as to whether or not its judgment can be used in the land office. (*Quigley* v. *Gillett,* 101 Cal. 420; *Mining Co.* v. *Bullion Mining Co.,* 9 Nev. 240, 4 Saw. 634; Fed. Cas. No. 4989.) We therefore conclude that the ultimate facts being found in favor of the defendant, and the findings not being challenged, that the judgment is correct as to the right of possession, but that part of the judgment and decree which adjudges that ''the defendant is entitled to purchase the said Reward, April, and Madison quartz claims from the government of the United States and receive a patent therefor'' is in excess of the jurisdiction of the court and void. It is in excess of the jurisdiction of the court, because it attempts to determine a matter which it is the province of the land department of the United States to determine, and further, because it, on its face, determines defendant's right to purchase premises not embraced in this action.

The judgment should be modified by striking the quoted clause therefrom, and as thus modified affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is hereby modified by striking out the quoted clause therefrom, and as thus modified is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.