(106 N. W. 293.)

---

MARY ZIMMERMAN v. CAROLINE McCURDY.

Opinion filed January 23, 1906.

**Public Lands — Claims of Homesteader — Contest in Land Department.**

    1. Where a party claims the right to possession of public land by virtue of a homestead entry against a party in possession under claim of superior right, and the claims of the parties are in contest before the federal land department, the courts will protect the rights of the parties so far as the same can be done without deciding a controversy of which the land department has exclusive jurisdiction.

**Same.**

    2. An occupying claimant of public land cannot be ousted by a claimant under a homestead entry, where the merits of their opposing claims to the right of possession are involved in a contest pending before the federal land department, and have not been finally determined.

**Injunction — Claims to Public Lands — Pending Contest.**

    3. Injunction is the proper remedy in such cases to protect the occupying claimant's possession against the other claimant's attempts to take forcible possession until the rights of the parties shall have been determined in the pending contest.

Appeal from District Court, McHenry county; *Palda, Jr.,* J.

Action by Mary Zimmerman against Caroline McCurdy. Judgment for defendant, and plaintiff appeals.

Reversed.

*McClory & Barnett,* for appellant.

If the court has no jurisdiction to try the title to land, it can by injunction preserve the statu quo. Cosmos Exploration Co. v. Gray Eagle Oil. Co., 112 Fed. 4, 61 L. R. A. 230.

A defendant is not entitled to an injunction. Forman v. Healy et al., 11 N. D. 563, 93 N. W. 866.

Injunction will not be granted to take property from the possession of one and give it to another. Dickson v. Dows, 11 N. D. 404, 92 N. W. 797.

Until title to land passes from the United States, exclusive jurisdiction to determine adverse claims is in the department of government charged with the disposal of such lands. Grandin et al. v. LaBar, 3 N. D. 446, 57 N. W. 241; Adams v. Couch et al., 26 Pac. 1009; Sommager v| Dicks, 28 Pac. 864; Marquez v. Frisbie. 101 U. S. 473, 25 L. Ed. 800; Johnson v. Towsley, 13 Wal. 72, 20 L. Ed. 485; Shepley et al. v. Cowan et al., 91 U. S. 330, 23 L. Ed. 424; Litchfield v. Register, 9 Wal. 575, 19 L. Ed. 681; Gaines et al.. v. Thompson et al., 7 Wal. 347, 19 L. Ed. 62; Empey v. Klugert, 64 Wis. 603, 23 N. W. 560.

Courts will not pass upon the merits of contesting parties and decide which has established his ultimate right to receive the legal title to the land, but only to protect the actual possession and prevent wrongful and forcible interference until the government parts with the title. 26 Am. & Eng. Enc. Law, 385; Marquez v. Frisbie, supra; Atherton et al. v. Fowler et al., 96 U. S. 519, 24 L. Ed. 732; Fulmele v. Camp, 20 Col. 495, 39 Pac. 407; Hastay v. Banness et al., 84 Minn. 120, 86 N. W. 896; Mathews v. O'Brien, 84 Minn. 505, 88 N. W. 12; McQuistion v. Walton, 69 Pac. 1048; Woodside v. Rickey, 1 Ore. 108; Lee v. Simonds, 1 Ore. 158; Collwell v. Smith, 1 Wash. Ty. 92; Caldwell v. Robinson, 59 Fed. 663; Wood v. Murray, 85 Iowa, 505, 52 N. W. 356.

Where one by a filing and another by prior settlement are entitled to the occupancy of government land, the courts will make an equitable disposition of the possession pending the contest in the land office, and will permit neither the exclusive possession. 26 Am. & Eng. Enc. Law, 386; Adams v. Couch, 1 Okl. 17; Commager v. Dicks, 1 Okl. 82; Sproat v. Durland, 2 Okl. 24, 35 Pac. 682; Peckham v. Faught, 2 Okla. 173, 37 Pac. 1085; Glover v. Swartz, 58 Pac. 943.

*Hanchett & Wartner,* for respondents.

The holder of a receiver's receipt to a homestead entry is entitled to the exclusive use, possession and occupancy of the land embraced in such entry, and his rights will be protected by injunction. Sproat

v. Durland, supra; Reaves v. Oliver, 41 Pac. 353; Woodroff v. Wallace, 41 Pac. 357; Barnes v. Newton, 48 Pac. 190; Calhoun v. McCornack, 54 Pac. 493; Bank v. Holst, 95 N. W. 931; Moore v. Parker, 80 N. W. 43.

Where a party in good faith has made a settlement and sought to initiate a homestead right, and made application to file, and to contest an entry by one who has received a receiver's receipt, both may remain in possession, but such possession extends only to the portion occupied by each. Commager v. Dicks, 28 Pac. 864; Sproat v. Durland, supra; Peckham v. Faught, supra; Clark v. Diehl, 48 Pac. 178; Glover v. Swartz, supra.

Settlement upon land covered by an existing entry confers no right where such entry is cancelled as the result of a contest for a preference right. Haskins v. Nichols, 1 Dec. Dept. Int. 172; Nichols v. Littler, 3 Dec. Dept. Int. 224; Ebbott v. Schaetzel, 4 Dec. Dept. Int. 687; Hensworth v. Holland, 8 Dec. Dept. Int. 400; Paulson v. Richards, Id. 597.

ENGERUD, J. There is no dispute as to the material facts of this case. The plaintiff, Mary Zimmerman, is the widow of Frank Zimmerman, deceased. Frank Zimmerman in his lifetime, on April 22, 1898, filed a homestead entry on the quarter section of land in question at the Devils Lake land office. He took up his residence upon the land and occupied it, with his family, as his home until his death in June, 1900. After his death his widow and minor children continued in possession of the homestead. Shortly before Mr. Zimmerman's death a contest was initiated by this defendant, Caroline McCurdy, against Zimmerman's entry, on the ground that said entryman had exhausted his homestead right before making the entry in contest. After his death his widow and children were substituted as defendants in the contest. That contest resulted in a final decision canceling the contested entry. The contestant, Caroline McCurdy, thereupon exercised the preference right of entry secured to her by the contest, and on November 24, 1902, her application to enter the land as a homestead was accepted, and the usual receipt evidencing such entry was made and delivered to her by the receiver of the Devils Lake land office. On December 3, 1902, the plaintiff, Mrs. Zimmerman, filed in the Devils Lake land office her application, in proper form, to be allowed to enter the land as her homestead; and at the same time she filed an affidavit of contest against the homestead entry of

Caroline McCurdy. Mrs. Zimmerman claims the right to hold the land as her homestead, and contests the validity of defendant's entry on the ground that she (plaintiff) after the death of her husband became qualified to enter a homestead; and, her deceased husband's entry being void, her possession and her continued cultivation and improvement of the land with intent to hold the land as a homestead gave her a right to file a homestead entry for the land superior to the right of Mrs. McCurdy, notwithstanding the result of the contest against Frank Zimmerman's entry. She also asserted that defendant's entry should be canceled and her own application to enter should be allowed by reason of certain equitable considerations. The officers of the local land office held that the affidavit disclosed sufficient ground for contest, and ordered a hearing. The necessary notice was served on Mrs. McCurdy, a hearing was had, and the contest was still pending and undetermined when this action was tried. It was admitted at the trial by the defendant that the plaintiff and her family had been continuously occupying the land as their home and farming thereon since 1898, and had improved the same in a substantial manner with farm buildings of the value of at least $3,000 and had no other home; and that defendant had never been in possession of any part of said premises until after this action had been commenced. At that time the defendant took possession of ten acres, as she was permitted to do by the injunctional order hereafter referred to. In March, 1903, after the last contest had been commenced, but before the hearing had been had, the defendant attempted to oust plaintiff and take possession of the land and improvements. Plaintiff thereupon commenced this action, setting forth in the complaint her possession, and alleged right to the possession of said premises by reason of the facts above stated, the pendency of the contest against Mrs. McCurdy's entry, and the latter's repeated threats and attempts to oust plaintiff by force, etc., and prayed that the plaintiff's alleged lawful possession be protected by enjoining Mrs. McCurdy from interfering with plaintiff's occupation and cultivation of the premises. In her answer Mrs. McCurdy pleads a counterclaim, alleging her right to possession by virtue of her as yet uncanceled homestead entry, the refusal of the plaintiff to vacate, and her forcible resistance of defendant's attempts to obtain possession. She prays that the plaintiff be dispossessed by a mandatory injunction and be restrained from resisting or interfering

with defendant's right to possession. On the hearing of plaintiff's application for a temporary injunction, the court made an order permitting Mrs. McCurdy to hold and occupy a certain portion of the land, about ten acres in area, and ordering her to refrain from interfering with Mrs. Zimmerman's possession of the remainder of the land until the final determination of the action. The action was subsequently tried, and judgment ordered and entered in effect awarding possession of the entire premises to defendant, but giving the plaintiff the right to remove within ninety days the buildings and other improvements erected by her on the land. The plaintiff has appealed from this judgment, and demands a new trial of all the issues.

The judgment is clearly erroneous. From the foregoing recital of the undisputed facts, it will be seen that the decison of the trial court is necessarily predicated upon the assumption that Mrs. McCurdy's entry is valid and Mrs. Zimmerman's claim is invalid. That is the precise question in litigation before the land department in the pending contest. Mrs. Zimmerman is in actual possession under a claim of right. If her claim is well founded, she has the right to retain possession and hold the land as a homestead, notwithstanding Mrs. McCurdy's entry. Manifestly her possession cannot be disturbed unless her alleged right is held to be unfounded. That question is one which, under the circumstances of this case, the courts have no jurisdiction to decide. That is a question which is within the exclusive jurisdiction of the land department to decide so long as the disposition of the land is under control of the federal land department. Grandin v. LeBar, 3 N. D. 446, 57 N. W. 241; Martinson v. Marzolf (N. D.) 103 N. W. 937; Cosmos Exploration Co. v. Oil Co., 190 U. S. 301, 23 Sup. Ct. 692, 24 Sup. Ct. 860, 47 L. Ed. 1064. This presents the question as to whether the plaintiff is entitled to relief on the facts disclosed. We think she is. She is in possession as a claimant under color of right. The defendant also is a claimant under color of right, but is seeking to obtain possession which she never had. She must recover, if at all, by ·showing a superior right to that of the party in possession. Not so with the plaintiff. She being in possession as a claimant under color of right, and the court having no jurisdiction to declare her claim invalid, the case is the proverbial one wherein possession is nine points. The right to the possession of public lands is a valuable right, and is one which the courts must

enforce and protect, even though the legal title is in the government. It would be unthinkable to leave the claimants without any means to protect and enforce their conflicting claims except by force. Hence the courts, although the title is in the government, have jurisdiction to grant appropriate remedies in behalf of an occupant or claimant of public land. The rightful claimant's possession or right to possession will always be protected or enforced against a trespasser by the appropriate action in court when that can be done without deciding a controversy of which the land department has exclusive jurisdiction. Section 5919, Rev. Codes 1899; Fulmele v. Camp, 20 Col. 495, 39 Pac. 407; Matthews v. O'Brien, 84 Minn. 505, 88 N. W. 12; Woodsides v. Rickey, 1 Or. 108; Wood v. Murray, 85 Iowa, 505, 52 N. W. 356.

When, however, as in this case, the opposing claimant's rights are in litigation before the federal land office, and the courts have therefore no jurisdiction to decide which of the two opposing parties is the rightful claimant, the courts are not powerless to extend their aid to preserve the property and prevent destructive violence. The equity powers of the courts are sufficiently broad and elastic to do justice under such circumstances, without interfering with the jurisdiction of the federal land office officials to determine the ultimate rights of the claimants with respect to the land in controversy. Inasmuch as the plaintiff is in possession, and is contesting in the proper tribunal the validity of defendant's entry, upon which the latter's right to take possession depends, it is clearly improper for defendant to violently dispossess plaintiff until the final result of the contest shall have disclosed which of the two have the better right. The allowance of defendant's application to enter and the issuance to her of a receiver's receipt establish defendant's right to possession as against an occupant who could not show a better right; but, if plaintiff's claim is well founded, defendant's homestead entry is void, and defendant has no right to disturb plaintiff's possession. In other words, defendant has no right to disturb plaintiff's possession unless the former's homestead entry was valid; and the plaintiff, being a bona fide adverse claimant, is in a position to question the validity of defendant's entry. It therefore follows that plaintiff cannot be deprived of her possession unless her alleged right to possession is held to be unfounded. As already stated, the courts have no jurisdiction to decide that ques-

tion until after the disposition of the land has passed from the control of the federal land department.

Defendant contends that the decision in the contest against Frank Zimmerman's entry, in which this plaintiff was made a party after her husband's death, is a conclusive adjudication against the validity of Mrs. Zimmerman's present claim. If that decision could be held to be a conclusive adjudication against the plaintiff's claims, based on a prior settlement, and Mrs. Zimmerman were contesting defendant's entry by reason of facts subsequently arising by virtue of which she hoped to cancel the entry and secure an entry for herself, independent of her alleged prior settlement, then defendant would be entitled to possession notwithstanding the second contest. Under such circumstances the latter's prima facie valid entry would prevail as against the former's bare possession, because the former decision would estop Mrs. Zimmerman to assert any prior right to possession, and the court would have no jurisdiction to question the validity of Mrs. McCurdy's existing entry. Such were the conditions existing in the case of Matthews · v. O'Brien, 84 Minn. 505, 88 N. W. 12, cited in counsel's brief. Those are not the conditions here. The question as to whether or not the decision in the contest against Frank Zimmerman's entry is a bar against the claims asserted by Mrs. Zimmerman in the present contest is one of the principal questions involved in the latter proceeding. The court has no more jurisdiction to anticipate the decision of the land department on that question than on any other question at issue in the contest. It is, therefore, still an open question, which the court cannot yet decide, whether the plaintiff is the rightful occupant of the land or the defendant has a valid entry and the consequent right of possession. Under such circumstances an injunction is the appropriate remedy to protect the plaintiff's possession against defendant's threatened violence and maintain the statum quo until the rights of the parties shall have been determined.

Inasmuch as the defendant has been permitted to occupy ten acres of the disputed tract, and the plaintiff expressly concedes that such partial occupation is unobjectionable, we shall permit defendant's possession of said ten acres to continue, without deciding whether such possession ought to have been permitted or not.

The judgment appealed from is reversed, and the district court is directed to enter a judgment for plaintiff to the effect that until

the pending contest shall have been finally decided the defendant and all persons acting for or claiming under her be restrained from trespassing upon or interfering with plaintiff's possession of the land in question, except the ten acres described in the temporary injunctional order dated April 4, 1903, and that plaintiff have and recover the taxable costs and disbursements of both courts. All concur.