[Civil No. 1104.   Filed April 2, 1910.]

[108 Pac. 239.]

PAUL B. WARNEKROS, ELI BLUCHER and J. M. COLLINS, Plaintiffs and Appellants, v. THOMAS P. COWAN, Defendant and Appellee.

1. PUBLIC LANDS—PATENTS—JURISDICTION OF LAND OFFICE.—The land office is a *quasi* judicial tribunal, and, in the absence of specific provisions to the contrary, it has exclusive jurisdiction of questions involved on an application for a patent to public lands, and its jurisdiction may be stayed only by the filing of an adverse claim as provided by Revised Statutes, section 2326 (U. S. Comp. Stats. 1901, p. 1430).

2. SAME—SAME—SAME.—Pending final action by the land office as to title to public lands, neither the state nor federal courts will entertain actions relating thereto, except where there exists a necessity of preserving peace or of determining controversies arising out of temporary rights in public lands.

3. SAME—SAME—SAME.—Revised Statutes, section 2326 (U. S. Comp. Stats. 1901, p. 1430), providing for the filing of an adverse claim pending publication of the notice of application for a patent to public lands and requiring the adverse claimant to sue to determine the right of possession, etc., authorizes the courts to determine suits in aid of an adverse, in the exercise of their general jurisdiction, but one who fails to file an adverse claim cannot invoke the jurisdiction of the court pending final action by the land office on an application for a patent.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for Cochise County. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Allen R. English, for Appellants.

The complaint fully complies with the requirements as laid down in the *Keppler-Becker Case* (Ariz.), 80 Pac. 334. ''In the absence of proof to the contrary, it will be presumed that suit was begun in time, on an adverse claim,'' and that the adverse was also filed in the land office, within the sixty days allowed. Clark's Mineral Digest, p. 299, par. 222; *Pennsylvania Min. Co.* v. *Bales,* 8 Colo. App. 108, 70 Pac. 444, 22 Morr. Min. Rep. 436. And the court will take judicial knowledge of the filing mark on the complaint. Complaint states a cause of action without alleging the filing of the adverse, or that the suit was commenced in time. *Rawlings* v. *Casey,* 19 Colo. App. 152, 73 Pac. 1090.

Pickett & Bowman, for Appellee.

''Actions required by section 2326 of the Revised Statutes of the United States are purely statutory, and the proceedings must be conducted in accordance with the statute which authorizes them.'' 2 Lindley on Mines, 1st ed., 933, 934; *Keeler* v. *Trueman,* 15 Colo. 143, 25 Pac. 311; *McGinnis* v. *Egbert,* 8 Colo. 41, 5 Pac. 652, 15 Morr. Min. Rep. 329; *Manning* v. *Strehlow,* 11 Colo. 451, 18 Pac. 625. ''There must be allegations that the adverse claim was filed in time, and that the suit was begun in time.'' Barringer and Adams on Mines, 385; *Hopkins* v. *Butte Copper Co.,* 29 Mont. 390, 74 Pac. 1081; *Cronin* v. *Bear Creek Co.,* 3 Idaho, 614, 32 Pac. 204, 17 Morr. Min. Rep. 548; *Marshall* v. *Kirtley,* 12 Colo. 410–416, 21 Pac. 492, 16 Morr. Min. Rep. 6. The demurrer was properly sustained to appellants' complaint by the trial court, for the reason that the description was fatally defective, in that it did not accurately describe the area in controversy. *Smith* v. *Imperial Copper Co.,* 11 Ariz. 193, 197, 89 Pac. 510, 512. ''As the proceedings in the land office should form the basis

of the action, they should be alleged.'' *Marshall* v. *Kirtley,* 12 Colo. 410, 21 Pac. 492, 16 Morr. Min. Rep. 6.

LEWIS, J.—The appellants, plaintiffs in the court below, filed their complaint, which is sufficient in the facts alleged to free it from attack, considered as a suit to quiet title to the Queen of the Hill mining claim. There, however, appears therein, in substance, the following additional allegations: That the defendant made or attempted to make a mineral location called the Sadie No. 2 lode mining claim, of a part of the said Queen of the Hill mine, and that the said Sadie No. 2 claim conflicts therewith; that the defendant on the twenty-sixth day of October, 1907, made his application for patent for the whole of the said Sadie No. 2 lode mining claim to the United States Land Office, in which he claims all of the surface within the confines of his said location and including the south part of the said Queen of the Hill mine in conflict, and the plaintiffs aver that defendant is asserting title thereto, and will receive title therefor from the government of the United States unless prevented from so doing by the judgment of this court. The defendant demurred specifically upon the ground that the complaint did not state facts sufficient to give the court jurisdiction of the subject matter of the action, in this: That the complaint does not allege that the plaintiffs, or either of them, filed in the said land office any adverse claim to the Sadie No. 2 mining claims during the sixty days period of publication of the notice of application for a patent thereto. The special demurrer was sustained, and, the plaintiffs declining to amend, judgment was entered dismissing the complaint, from which judgment the plaintiffs appealed.

The question here presented involves the necessity of examining the source of the jurisdiction of the courts of this territory in an action in aid of an adverse to an application for patent to mining ground and the sufficiency of the allegations of the complaint herein to authorize the trial court to hear and determine the cause of action set forth in the complaint. When an application is made for a patent to public land, all questions involved in the determination of the right of the applicant to such patent are cognizable by the land office. The land office is a *quasi* judicial tribunal, and has exclusive juris-

diction in the absence of specific provision to the contrary. *Bishop of Nesqually* v. *Gibbon,* 158 U. S. 155–167, 15 Sup. Ct. 779, 39 L. Ed. 931; 32 Cyc. 1000. Generally, pending final action by the land office with respect to title to public lands, neither the state nor federal courts will interfere, nor will they entertain actions relating thereto. *Cosmos Exploration Co.* v. *Gray Eagle Oil Co.,* 190 U. S. 301–308, 23 Sup. Ct. 692, 47 L. Ed. 1064; *Marquez* v. *Frisbee,* 101 U. S. 473, 25 L. Ed. 800; *U. S.* v. *Schurz,* 102 U. S. 378–395, 26 L. Ed. 167; *McHenry* v. *Nygaard,* 72 Minn. 2, 74 N. W. 1106; *Tiernan* v. *Miller,* 69 Neb. 764, 96 N. W. 661. In certain cases, where there exists the necessity of preserving peace or of determining controversies arising out of temporary rights in public lands, courts exercise jurisdiction pending the final action of the land office. *Phoenix & Eastern R. R. Co.* v. *Arizona & Eastern R. R. Co.,* 9 Ariz. 434, 84 Pac. 1097; *Mathews* v. *O'Brien,* 84 Minn. 505, 88 N. W. 12; *Sproat* v. *Durland,* 2 Okl. 24, 35 Pac. 682, 886; *Wood* v. *Murray,* 85 Iowa, 505, 52 N. W. 356.

Upon the filing of an application for patent to public mineral land, the jurisdiction of the land office becomes exclusive as to all questions affecting the title to the lands therein applied for, and so remains until the final determination of the application. The exercise of its jurisdiction may be stayed only by the filing of an adverse claim as provided by section 2326 of the Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 1430). Without the filing of such adverse claim, neither the state nor federal courts will exercise jurisdiction in actions affecting the title to lands included within the application. It is by virtue of the provisions therein contained that courts assume jurisdiction of a question as to the right of possession to the ground in controversy after an application for patent is filed. Section 2326 of the Revised Statutes of the United States provides: ''Where an adverse claim is filed during the period of publication, it shall be upon oath of the person or persons making the same, and shall show the nature, boundaries, and extent of such adverse claim, and all proceedings, except the publication of notice and making and filing of the affidavit thereof, shall be stayed until the controversy shall have been settled or decided by a court of competent jurisdiction, or the adverse claim waived.

It shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim.'' The authorities are not agreed as to whether or not this statute vests jurisdiction in the courts. There are expressions in the decisions of the supreme court of the United States and of other courts construing this statute as so vesting jurisdiction. *Wolverton* v. *Nichols,* 119 U. S. 485, 7 Sup. Ct. 289, 30 L. Ed. 474; *Tonopah Fraction Co.* v. *Douglass* (C. C.), 123 Fed. 936; *Lily Min. Co.* v. *Kellogg,* 27 Utah, 111, 74 Pac. 518; *Healey* v. *Rupp,* 37 Colo. 25, 86 Pac. 1015; *Murray* v. *Polglase,* 23 Mont. 401, 59 Pac. 439.

The supreme court of California, speaking through Temple, J., in the case of *Altoona Quicksilver Min. Co.* v. *Integral Min. Co.,* 114 Cal. 100, 45 Pac. 1047, has held that Congress could not confer upon the state courts jurisdiction which was lacking, and, to avoid the apparent necessity of admitting that jurisdiction was so conferred, held an action, which from the allegations of the complaint would ordinarily be denominated an action in aid of an adverse, an action to quiet title. The supreme court of Montana, in the case of *Hopkins* v. *Butte Copper Co.,* 29 Mont. 390, 74 Pac. 1081, held upon similar reasoning that jurisdiction is not conferred by the statute. No court has considered this statute as creating a statutory exception to the exclusive jurisdiction of the Land Department over all matters affecting title upon the filing of an application for patent to public mineral lands. An examination of the opinions of the supreme court of the United States disclosed that in no case to which attention has been called has the interpretation of the statute as vesting jurisdiction been directly involved. The weight of authority in the mining states supports the view that the allegation of the filing of an adverse is essential to the sufficiency of the complaint. The various opinions are not uniformly predicated upon the ground that it is essential to jurisdiction. Those courts which have interpreted section 2326, *supra,* as vesting jurisdiction, generally hold that the allegation is jurisdictional. The supreme court of California in the Altoona case, *supra,* and in

the later case of *Gruwell* v. *Rocco,* 141 Cal. 417, 74 Pac. 1028, has indicated, though it has not expressly decided, that the allegation is unnecessary. The supreme court of Montana, in the case of *Hopkins* v. *Butte Copper Co., supra,* has held that its presence in the pleading is necessary to state a cause of action, but is not a jurisdictional fact. See, generally, Lindley on Mines, 2d ed., secs. 754, 755, and cases there collated.

The question being open to determination in this territory, we adopt the view that this section creates a statutory exception to the exclusive jurisdiction of the land office, and that our courts hear and determine suits in aid of an adverse in the exercise of their general jurisdiction. The complaint affirmatively shows the filing by the defendant of an application for patent in the United States land office. There is no allegation that the plaintiffs, or either of them, have filed an adverse claim therein. It appearing that the subject matter of the action is within the exclusive jurisdiction of the land office, the demurrer to the jurisdiction of the trial court was properly sustained.

The judgment is affirmed.

KENT, C. J., and CAMPBELL and DOE, JJ., concur.