[Civ. No. 6353. Third Appellate District.—October 20, 1939.]

CHAS. W. KRAMER, Petitioner, v. THE SUPERIOR COURT OF CALAVERAS COUNTY, Respondent.

Joseph H. Huberty for Petitioner.

Virgil M. Airola for Respondent.

THOMPSON, J.—By means of a writ of prohibition the petitioner seeks to prevent the trial court of Calaveras County from entertaining or determining a motion to set aside a judgment entered by direction of the appellate court and a motion for new trial therefrom, filed by the appellants against whom a suit to quiet title to certain mining claims had been determined. This petition also seeks to prohibit, the trial court from interfering with the right to restitution and possession of the mining claim which was adjudged to belong to the respondent in that case.

It appears that Chas. W. Kramer brought suit against Mr. and Mrs. Sanguinetti to quiet title to the Buckhorn Lode Mining Claim in Calaveras County. The defendants answered the complaint, claiming title to that property. In a cross-complaint the defendants also asserted title to their Chaparral Placer Mining Claim, which to some extent overlapped the Buckhorn claim. One of the issues in that suit was the location of the point of discovery of quartz on the Buckhorn claim. After trial by the court sitting without a jury, findings were adopted to the effect that all of the allegations of plaintiff's complaint were true; that "plaintiff is the owner and entitled to the possession of the Buckhorn Lode Mining Claim described in his complaint" and that the defendants had no right, title or interest therein. Judgment was rendered accordingly in favor of the plaintiff. The trial court did, however, fail to adopt specific findings with respect to the affirmative allegations of the defendants' cross-complaint with respect to their Chaparral Placer Mining Claim. On appeal to this court the findings and judgment of the trial court were approved in every respect. (*Kramer* v. *Sanguinetti*, 33 Cal. App. (2d) 303 [91 Pac. (2d) 604].) On the

theory that the appellants were entitled to findings and a judgment on their cross-complaint quieting title in them to such portion of their Chaparral claim as did not overlap the Buckhorn claim, on the authority of article VI, section 4¾ of the California Constitution, section 956a of the Code of Civil Procedure and *Tupman* v. *Haberkern,* 208 Cal. 256, 268 [280 Pac. 970], this court adopted the following additional finding:

"Defendants are the owners. and entitled to the possession of all that portion of their Chaparral Placer Mining Claim in Calaveras County, California, described in the cross-complaint which does not overlap or conflict with the description of plaintiff's Buckhorn Lode Mining Claim, as it is described in the complaint."

The judgment was modified by adding thereto a clause quieting title in defendants to such portion of their Chaparral claim as did not overlap the Buckhorn claim. The original form of the judgment of the trial court was not changed in any respect. This court then directed the trial court to enter judgment "in accordance with the foregoing opinion". It is conceded on this hearing that the trial court entered judgment in the exact form directed by the appellate court. The only modification of the original judgment of the trial court which occurred was favorable to the appellants. It quieted title in appellants to the Chaparral claim which was involved in that suit, except that portion which overlapped the Buckhorn claim, which was specifically found to be the property of the defendants. A hearing of that appeal was subsequently denied by the Supreme Court.

After the modified judgment had been entered as directed, the appellants filed a motion to set the judgment aside, but conceded that it was in the exact form directed by the appellate court. They also filed a motion on all statutory grounds for a new trial from that directed judgment. The trial court also set aside the writ of restitution which was regularly issued in this proceeding, and has cited this petitioner in another proceeding to show cause why he should not be punished for contempt for asserting title to certain water rights appurtenant to the Buckhorn claim.

The appeal to this court under section 953a of the Code of Civil Procedure from the judgment quieting title in the case of *Kramer* v. *Sanguinetti, supra,* presented all

the necessary issues which are involved in this proceeding. The trial court having entered the judgment in the exact form directed by this court exhausted its jurisdiction to entertain a motion for new trial from that directed judgment, to modify or change that judgment in any material manner or to interfere with the plaintiff Kramer's right of ownership and possession of the Buckhorn claim, by recalling and quashing his writ of restitution or otherwise (*Phillips v. Patterson*, 34 Cal. App. (2d) 481 [93 Pac. (2d) 807]), ▮ except that this court may not interfere in this proceeding with the regular trial and determination of the separate issues involved in the former case of *Jack Sanguinetti* v. *A. Kramer et al.*, No. 2212, now pending in the Superior Court of Calaveras County, in which the plaintiff attempts to assert title to certain water rights by prescription or adverse possession of water flowing from a spring through a pipe-line from Wet Gulch No. 1, over and across the Buckhorn claim, which water rights are alleged to have been used "for many years last past", for domestic purposes in his dwelling house on the Chaparral claim. The last-mentioned suit involves issues independent of, and which were not presented or determined in the suit to quiet title to the Buckhorn claim. They affect the right to a portion of the water from a spring which is not located on the Buckhorn claim, but which merely flows through a pipe-line across that claim. It is a separate suit to establish an easement for the use of the pipe-line to convey water from the spring across the Buckhorn claim to the premises of the plaintiff. We are of the opinion the suit to determine such water rights should be decided on its own merits.

▮ The respondent in this proceeding contends that the judgment which was rendered by the trial court in the suit to quiet title is fatally defective for the reason that specific findings were not adopted with respect to the time and place of the location of the point of original discovery of quartz on the Buckhorn claim, and that the finding of the appellate court under section 956a of the Code of Civil Procedure of the Sanguinettis' ownership and title to their Chaparral claim also fails to specifically determine the question of the time and place of the location of the original discovery of quartz, and that its finding in regard to ownership of the last-mentioned claim is a mere conclusion. There is no merit in that contention. The findings of the trial

court necessarily included a determination favorable to plaintiff that the point of discovery of the quartz-bearing rock was on the Buckhorn claim. The point of discovery of quartz and the time and place thereof were merely incident to Kramer's ownership and right to the possession of the claim. A specific finding on that question of fact would necessarily have been adverse to the defendants. The defendants were therefore not prejudiced by that omission. (*Kramer* v. *Sanguinetti, supra.*) ▮ Nor was a more specific finding necessary regarding defendants' ownership of that portion of their Chaparral claim which does not overlap the Buckhorn claim. (*Gruwell* v. *Rocca,* 141 Cal. 417 [74 Pac. 1028].) The plaintiff specifically disclaims any right or title to that portion of the Chaparral claim which was awarded to the defendants by the amended judgment.

The writ of prohibition is granted, and the trial court is restrained from entertaining or determining the respondent's motion for new trial from the directed judgment, from interfering with the petitioner's right to issue and prosecute his writ of restitution and from interfering in any manner with his adjudicated title and right of possession to the Buckhorn claim.

Tuttle, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 18, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 18, 1939.