**CARDINAL PETROLEUM COMPANY, a corporation, Plaintiff and Respondent,**

v.

**NORTHERN PACIFIC RAILWAY COMPANY, a corporation, and its successor Burlington-Northern, Inc., Defendant and Respondent,**

and

**Tony Rice, also known as Toney Rice, et al., Defendants and Appellants.**

Civ. No. 8721.

Supreme Court of North Dakota.

Aug. 31, 1971.

Rehearing Denied Dec. 29, 1971.

Freed, Dynes & Malloy, Dickinson, for defendants and appellants.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiff and respondent, Cardinal Petroleum Co.

Conmy, Feste, DeMars & Bossart, Fargo, for defendant and respondent Northern Pacific Railway Co. and Burlington-Northern, Inc.

JAMES H. O'KEEFE, District Judge.

This began as a quiet-title action on various property interests. Eventually it evolved into a contest over a railway right-of-way strip, or rather minerals beneath it. The issue became: Does the United States own these minerals, or do the adjoining landowners (Appellants) by virtue of being successors in interest to the original homestead patent holders? The district court, in a memorandum opinion, held that the patents issued did not transfer to the homesteaders the minerals beneath the right-of-way and that they are still owned by the United States subject to the defendant railway's right to lease them. It then follows that Appellants, being successors to the homesteaders, would receive no interest.

After the trial ended but before the decision was rendered, the district court allowed the trial to be reopened to have introduced certain exhibits. These exhibits showed that an appeal had been taken by defendants Zarak and Rice to the Board of Land Appeals of the Department of the Interior. The question appealed went to the issue of who owned these minerals, since the Bureau of Land Management issued leasing rights to a party holding under an assignment from the railway. That appeal is pending.

■ This court would like to meet the interesting and substantial question raised by this appeal. This cannot be done. We have no jurisdiction. So long as the disposition of land is before a federal administrative agency we cannot enter into an adjudication. Where a party claims the right to possession of public land by virtue of a homestead entry against a party in possession under claim of superior right, and the claims of the parties are in contest before the Federal Land Department, the courts will protect the rights of the parties so far as the same can be done without deciding a controversy of which the Land Department has exclusive jurisdiction. Zimmerman v. McCurdy, 15 N.D. 79, 106 N.W. 125 (1906). North Dakota is not alone in this view that the question is one for the appropriate federal department. See e. g., Mathews v. O'Brien, 84 Minn. 505, 88 N. W. 12 (1901); Glover v. Swartz, 8 Okl. 642, 58 P. 943 (1899). We have been unable to find an instance where a state court undertook determination of land disputes where the controversy has been placed in the federal arena. In certain cases where there existed the necessity of preserving the peace, the courts of this state, and other states, have issued temporary injunctions until the federal agency resolved the controversy.

Neither attorney raised this jurisdictional point. There was discussion below and in this court as to failure of the United States to become a party to the action. It was agreed that the Government was probably not a necessary or indispensable party, although all understood there could be no adjudication of its rights as a result of the decision. This court finds no quarrel with that position.

In Perry v. Erling, 132 N.W.2d 889, 898 (N.D.1965), this court quoted extensively from *Zimmerman, supra,* and affirmed that a question at issue in a proceeding before the Secretary of the Interior deprives this court of jurisdiction and makes an adjudication determining a title dependent upon such proceeding. In 1967, this court in Park District of City of Bismarck v. Bertsch, 152 N.W.2d 401, cert. denied, 390 U.S. 904, 88 S.Ct. 818, 19 L.Ed.2d 870, adhered to the *Perry* position and stated in its syllabus that a final decision of the Bureau of Land Management ordinarily may not be collaterally attacked in a court proceeding. In *Perry, supra,* a federal bureau

decision was pending. Whether the case is decided or pending should make no difference as it affects this court's power to act.

The district court judgment must be modified to reflect that it is without jurisdiction to determine the title to the mineral rights underlying the railway right-of-way.

ERICKSTAD, Acting C. J., and PAULSON, TEIGEN, and KNUDSON, JJ., concur.

The Honorable Alvin C. Strutz, Chief Justice, deeming himself disqualified did not participate, the Honorable James H. O'Keefe, Judge of the Second Judicial District, sitting in his stead.

## ON PETITION FOR REHEARING

JAMES H. O'KEEFE, District Judge.

Appellants request this court to reconsider its opinion which holds that the courts of this State are without jurisdiction to adjudicate a question of title when it is at issue in the Department of the Interior of the United States.

We concede that the factual situations of *Perry, supra,* and *Park District of City of Bismarck, supra,* are dissimilar in that there the initial patents were in issue. That distinction is not significant. The question in our case concerns mineral interests under patents long ago issued. That is still a title question.

Since the opinion in this case was issued, the Interior Board of Land Appeals, Department of the Interior, has issued its decision on the protest made by these same appellants against the oil and gas leases that are the subject of this appeal. The Department of the Interior affirmed the decisions of the land office and dismissed the protest. We now have a question of title to mineral interests fully decided by the Department of the Interior. *Park District of City of Bismarck, supra,* becomes controlling as to our inability to proceed on the merits of this case. It should be noted that the decision of the Interior Board reached the same result as did Judge Muggli in the district court action.

A previous order was entered taxing costs in favor of the appellants. The respondent filed a petition for modification of that order. In view of Section 28-26-12, N.D.C.C., the costs must be adjudged against the party bringing the action when this court dismisses a case for want of jurisdiction. It would not be equitable to assess the costs against Cardinal Petroleum Company, since they had no interest in the appeal. It is the order of this court that there shall be no taxation of costs.

We have considered all the arguments raised in the appellants' petition brief and are not dissuaded from our initial position.

The petition is denied.

KNUDSON, TEIGEN, ERICKSTAD and PAULSON, JJ., concur.

Chief Justice ALVIN C. STRUTZ, deeming himself disqualified did not participate; JAMES H. O'KEEFE, District Judge of the Second Judicial District, sitting in his stead.