## GRAY v. TRUBY et al.

(*Supreme Court of Colorado, December 5th, 1882—Appeal from the Park District Court.*)

MINES AND MINING CLAIMS—AN ADIT THE EQUIVALENT OF DISCOVERY SHAFT. An adit run along a lode where the same may in any manner be discovered, is equivalent to a discovery shaft—whether the depth of ten feet from the surface be reached or not.

ELBERT, C. J. This action was brought by the appellant against the appellees to recover the possession of a certain mining claim called the North Carolina lode.

The appeal is from a judgment of nonsuit.

The evidence shows that the appellant, in lieu of a discovery shaft, opened an adit on his lode, beginning at the surface where the lode was discovered, and running in and along the lode a distance of twenty or twenty-five feet, where it obtained a depth of eight or nine feet below the surface. It is claimed that where a lode is thus opened by means of an adit, it must at its face have a depth of at least ten feet. This appears to have been the view of the Court below, and the ground of the nonsuit. I am unable to find in the statute any authority for so holding.

The statute uses the term adit only when the opening is in and along the lode. Sec. 7, General Laws, page 630, provides that:

"Any open cut, cross-cut or tunnel which shall cut a lode at the depth of ten feet below the surface, shall hold such lode the same as if a discovery shaft were sunk thereon, or an adit of at least ten feet in along the lode from the point where the lode may be in any manner discovered, shall be equivalent to a discovery shaft."

By this provision an open cut, a cross-cut, a tunnel and an adit are each made the equivalent of a discovery shaft. While it is expressly provided that the first three shall cut the lode at a depth of ten feet below the surface, there is no such requirement in the case of an adit.

The language is, "an adit of at least ten feet in along the lode from the point where the lode may be in any manner discovered shall be equivalent to a discovery shaft."

There is no express provision that it shall be at any point ten feet below the surface, nor can any such requirement be fairly implied. On the other hand, the context and the language quite clearly indicate an intention on the part of the Legislature in such a case to substitute horizontal development in and along the lode for a distance of ten feet for the ten feet in depth required in other cases.

The objection that a mere stripping of a lode for the distance of ten feet could thus be made to avail as a discovery shaft, is not well founded.

Our view is, that while there is no express requirement of depth, the development must always be such in its dimensions and character as to make it fairly the equivalent of a discovery shaft and bring it substantially within the meaning of the term adit, which Mr. Webster defines as being "an entrance or passage; a term in mining used to denote the opening by which a mine is entered, or by which water and ores are carried away; called also the drift."

The judgment of the Court below is reversed and the cause remanded for further proceedings.

*Christison & Wright,* for appellant.

*A. H. DeFrance,* for appellee.