[No. 4006.]

## BREWSTER v. SHOEMAKER ET AL.

1. MINES AND MINING—LOCATION OF CLAIM—DISCOVERY OF MINERAL AFTER LOCATION.

Where the location of a mining claim is void because no valid discovery of mineral has been made, a subsequent valid discovery within the boundaries of the claim made after the filing of the location certificate and all acts of location have been performed but before the rights of third parties have attached will make the location good.

2. MINES AND MINING—UNDERGROUND DISCOVERY.

A valid location of a mining claim may be based upon an underground discovery on the dip of a vein at a distance below the surface, and without any surface opening upon the vein and without being shown by actual working to have its apex within the limits of the claim

as staked, and although the discovery is made by way of a tunnel be-
longing to other parties through patented lands; and although the lo-
cation is not claimed under the tunnel site act of congress.

3. SAME.

Where a discovery of mineral is made at a distance under-ground
on the dip of the vein it will be presumed, in the absence of a showing
to the contrary, that the vein extends upward at the same angle, and a
valid location may be made by making the point where the vein if con-
tinued to the surface would be disclosed, the initial point and by mark-
ing and describing the boundaries therefrom.

*Appeal from the District Court of San Miguel County.*

The action concerns a strip of ground in conflict between
the Boot Jack and Contention lode mining claims situate in
San Miguel county. The Boot Jack is the earlier location
in point of time. When its owners (defendants) applied in
the land office for a patent, plaintiff, the owner of the Conten-
tion lode, filed his adverse therein, and brought this action
in its support.

The facts material to the present controversy may thus be
stated: The location of the Contention lode was made on
May 1, 1898. No question is raised as to its validity, pro-
vided it was unappropriated public domain at the time of
plaintiff's entry. The location of the Boot Jack lode is
claimed as of the 9th day of November 1897, and also January
28, 1898. The first discovery of mineral was upon patented
ground and not within the boundaries of the Boot Jack claim
as staked. It was therefore void. On the 28th of January
1898 a valid discovery of mineral was made within these
boundaries and an amended location certificate filed. Both
these discoveries of mineral were at a point about 250 feet
below the surface, and upon the same vein, and were made
in driving a tunnel, the latter discovery being at a point on
the vein uncovered by running the tunnel further into the
mountain. It was not a statutory tunnel,—that is, not lo-
cated under the tunnel site act of congress,—but was driven

by the owners of the Boot Jack lode through patented property, not belonging to defendants, and into the territory in dispute under an arrangement made between the patentee and the tunnel owners.

The vein in the tunnel dipped about three degrees from the vertical. A calculation was made, based upon the dip of the vein as thus disclosed, and at a point on the surface where, according to such calculation, the vein should come to the surface, a discovery notice was posted containing the statement required by statute, and also a recital that a like notice, which is admitted, was at the place of discovery, describing it, and information was given how to reach it through the tunnel. Starting with this discovery stake on the surface as the initial point, the boundaries of the claim were designated, and the stakes set as the statute prescribes.

No tracing of the vein upwards was done, and no surface work performed, by the locators of the Boot Jack claim. The vein found in the tunnel was not by actual exploitation shown to apex within the limits of the claim, but only as might inferentially appear from the calculation to which reference has been made. When the plaintiff appeared upon the ground and made his attempted location of the Contention lode, the posted notice and boundary stakes of the Boot Jack were in place and the location certificate was on file.

Upon this state of facts and with evidence as to other acts necessary to constitute a valid location of a mining claim, the case was submitted to the jury under the instructions of the court, and a verdict returned for the defendants, upon which judgment was entered.

Messrs. GERRY & TAYLOR and Mr. W. H. TRIPP for appellant.

Messrs. HOGG & HAMILL for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Upon this appeal, two questions only are important, and, as stated by appellant's counsel, they are:

1. Can a location admittedly void, because of an absence of a valid discovery of mineral, but regular in all other respects, be made good by a subsequent valid discovery of mineral within the limits of the location, made before the rights of third parties attach but after the filing of the location certificate and all acts of location have been performed?

2. May a location of a valid mining claim be based upon an under-ground discovery of mineral made upon the dip of the vein at a distance of 250 feet below the surface, or any other distance, through a tunnel not statutory.—that is, not claimed under the tunnel site act of congress,—where the vein has never been opened upon the surface, or shown by actual working to have its apex within the limits of the claim as staked?

1. Plaintiffs rely upon *Upton v. Larkin*, 5 Mont. 600; S. C., 7 Mont. 449, which was afterwards affirmed in *Larkin v. Upton*, 144 U. S. 19. In the opinion as reported in 5 Montana, *supra*, it was said that a location void at the time it is made because of no discovery, or because the discovery was made on a claim already located and patented, continues and remains void, and is not cured or made effectual by a subsequent discovery on the claim located. Upon a second appeal of the same case, reported in 7 Montana, *supra*, the learned court seems to recognize the doctrine laid down by Mr. Justice Sawyer in the case of *Mining Co. v. Mining Co.*, 11 Fed. Rep. 666, wherein it was said that, in such a case, a subsequent valid discovery, made before any other person has acquired any rights, will make such a location good. But the court proceeds, at the second hearing, with the case then in hand to say that the evidence sought to be introduced at the trial to show a subsequent valid discovery was

properly rejected because it appeared,—or at least it was clear that the contrary was true,—that the subsequent discovery to which the evidence was directed was made after the application for patent was filed. And the court held that a patent ought not to issue upon a discovery made after application. It also declared that the offer of evidence was not made in good faith, but to enlist the sympathy of the jury. In the review of the case by the supreme court of the United States, there is nothing said to give color to the position taken here by appellant's counsel.

Whether the owners of the Boot Jack lode in connection with the second discovery of mineral—the one within its exterior boundaries—in January 1898 supposed they were merely amending the former attempted location by correcting the description and filing an amended location certificate, or whether they intended to make, and supposed they were making, a re-location of an abandoned claim, is immaterial; for before the rights of third persons, including the claimant, attached, it is admitted that they had taken all of the steps which, under the federal and state statutes, constitute an appropriation of a lode mining claim. The order of time in which these several acts are performed is not of the essence of the requirements, and it is immaterial that the discovery was made subsequent to the completion of the acts of location, provided only all the necessary acts are done before intervening rights of third parties accrue. All these other steps having been taken before a valid discovery, and a valid discovery then following, it would be a useless and idle ceremony, which the law does not require, for the locators again to locate their claim and refile their location certificate, or file a new one. In the case of *Beals v. Cone et al.*, 27 Colo. 473, we have ruled against appellant's contention. The United States circuit court of appeals for the 8th circuit, in *Erwin v. Perigo*, 93 Fed. Rep. 608, in a case coming up from Utah, has reached the same conclusion. We know

of no statutes of this state that require a different ruling, Other authorities sustaining our conclusion are: *Craig v. Thompson,* 10 Colo. 517; *North Noonday M. Co. v. Orient Co.,* 9 Morrison's Mining Reports 529; *Strepey v. Stark,* 7 Colo. 614: *Golden Terra Co. v. Mahler.* 4 Morrison's Mining Reports 390; *Jupiter M. Co. v. Bodie M. Co.,* 4 Morrison's Mining Reports 411; 1 Lindley on Mines, § 335 *et seq.*; Morrison's Mining Rights (9th ed.) 28 and cases cited.

2. In *Ellet v. Campbell,* 18 Colo. 510, it was held that when a tunnel claim has been duly located under the provisions of the acts of congress, and the owner thereafter discovers a mineral lode therein, he is not bound to make another discovery and location of the lode from the surface in order to be protected against a subsequent surface location of the same lode. This case was affirmed by the supreme court of the United States in *Campbell v. Ellet,* 167 U. S. 116.

This, however, is not controlling of the proposition now under consideration. In the case at bar the defendants were not attempting to locate a tunnel site under the act of congress. The mouth of the tunnel was not upon the Boot Jack claim, and the entire work was done upon patented land by the plaintiffs under agreement with the patentee. The point of discovery was over 800 from the mouth of the tunnel.

As well said by Mr. Morrison in his work on Mining Rights (9th ed.) 30; "The fact of discovery is a fact of itself, to be totally disconnected from the idea of discovery shaft. The discovery shaft is a part of the process of location, subsequent to discovery."

Certainly, there is no requirement of the federal statute that a vein shall be discovered from the surface. The only requirement in that respect is that the place of discovery shall be within the limits of the claim. Under our statute (Mills Ann. Stat. sec. 3154; Gen. Stats. 1883, sec. 2403),

where a lode is cut at a depth of ten feet below the surface by means of an open cut, cross-cut, or tunnel, it is the same as if a discovery shaft were sunk on the vein to that depth. *Gray v. Truby*, 6 Colo. 278; *El. Mag. &c. Co. v. Van Auken*, 9 Colo. 204.

The question here is not whether a subsequent discovery on the apex of the lode would take precedence of the prior discovery on the dip, for there is no claim here that plaintiff's subsequent location is on the apex of the same lode on whose dip defendant's discovery was theretofore made. But the question is whether a valid location can be made by a discovery at a point 250 feet beneath the surface, when it is followed up by a marking of the boundaries on the surface as though the discovery had been made from the surface, and by the doing of the other acts which the statute requires, though no surface work is done, and no actual tracing of the vein to the surface attempted.

The precise question has not, to our knowledge, been decided by a court of last resort, but we do not see why a location such as has been made by the defendants is not good. It has been held that where the discovery is made in a discovery shaft along the course of a vein, and the surface boundaries marked with reference to its course or strike as disclosed in the discovery shaft, the presumption is that the vein continues on the same course throughout the limits of the claim. When, as in the case at bar, the discovery is made under ground upon the dip of the vein. it is fair to assume, in the absence of a contrary showing, that the vein extends upward at the same angle, and a marking of the boundaries by making the place at which the vein, if continued to the surface, would be disclosed, the initial point, is a sufficient compliance with the law.

That the mouth of the tunnel was not upon the claim, we do not consider important. That the tunnel was driven through patented property not belonging to the owners of

the lode discovered, is something of which the plaintiff cannot complain. If the owners of the land through which the tunnel is driven give their consent thereto, a third person may not object. Sufficient notice was conveyed to the public of this location. The defendants not only placed in the tunnel, at the point of discovery, a discovery stake and notice, but also posted the discovery notice on the surface, containing not only the things required by statute, but, in addition, informing the public of the exact spot where the discovery was made, and furnishing information how to reach the same through the tunnel, where inspection might be had.

We do not think it necessary, in a discovery which is made underneath the surface, that the locator shall, at the risk of losing his claim, demonstrate by actual working that the top or apex is within the limits of his location. In the absence of some proof to the contrary, the court will presume, as we have said already, that the vein continues in its upward course on the same angle to the surface, and if the locator selects and traces his boundaries with reference to this place on the surface, so as to include it within the limits of his claim, nothing further in this respect is required. On this last point *Armstrong v. Lower* 6 Colo. 393 and *Wakeman v. Norton*, 24 Colo. 192, though not deciding the precise question, are, in principle, authority for the holding here.

The judgment of the court below is in harmony with our views, and it is affirmed.

*Affirmed.*