[No. 4482.]

## The Treasury Tunnel, Mining and Reduction Company v. Boss.

**Mines and Mining—Discovery Shaft—Posting Notices.**

A mining claim was located and all the steps necessary to perfect such location were regular except that the discovery shaft was sunk and notice was posted upon a prior patented claim. Before the intervention of any other rights the locator

learned that his discovery shaft was on patented ground and sank another shaft and discovered mineral on the same vein within 100 feet of the old shaft but clear of the patented claim, and did the necessary discovery and assessment work but did not post any notice at the new discovery shaft nor file any additional certificate of location nor change the boundaries of the original location. Held, that the location was good and valid as against a conflicting claim located subsequent to the second and valid discovery of mineral.

*Appeal from the District Court of Ouray County.*

Messrs. HENRY & SIGFRID, for appellant.

Mr. JOHN T. BARNETT, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This controversy concerns a strip of land included within two conflicting lode mining locations, the Maggie A. and the Liverpool. The original location of the Liverpool was first in order of time, and was made on the 23d day of May, 1887. On the 12th day of July, 1897, an attempt, at least, was made to locate the Maggie A., and it is conceded that in *all respects* it would be a valid location had not the discovery work been done within the exterior boundary lines of another mining claim previously patented. To cure this vital defect, the owners of the Maggie A. thereafter and on the 15th of October, 1897, made a valid discovery of mineral upon the same vein and within one hundred feet of the former discovery, and did the necessary discovery work, within its exterior boundaries. Up to this time there was no conflict of territory between the two locations as thus made, but on the 4th day of October, 1900, the owners of the Liverpool location relocated the same— knowing at the time of the attempt of the Maggie A. owner to perfect his location by making a good dis-

covery—and in doing so the boundaries were swung from their original position so as to include therein considerable ground not within the location as originally staked upon the ground, a portion of which is the ground in controversy here.

The case was tried to the court without a jury and findings of fact were made and judgment rendered in favor of the owner of the Liverpool lode. The court held as a matter of law that the Maggie A. was not a valid location at the time of the relocation of the Liverpool solely because its locator had failed to comply with what, in the judgment of the court, was a prerequisite to a valid location of a lode mining claim upon the public domain of the United States, viz, that although a valid discovery of mineral was made, and the required discovery work done, within the limits of the Maggie A. location before the relocation of the Liverpool, yet the locator of the former did not post at the point of such second, and only, valid discovery on the surface of the ground a sign or notice, which, it is said, section 3152 Mills' Ann. Stats. requires shall be done. In every other respect the court considered the Maggie A. a valid location.

"The acts of congress prescribe two, and only two, prerequisites to the vesting in a competent locator of the complete possessory title to a lode mining claim. They are the discovery upon unappropriated public land of the United States within the limits of his claim of a mineral-bearing lode, and the distinct marking of the boundaries of his claim, so that they can readily be traced."—*Erwin v. Perego,* 93 Fed. 608.

The acts of congress provide, however, that the acquisition of mineral lands may be subject to local laws and the rules or customs of miners, so far as the same are applicable and not inconsistent with the laws of the United States. Our general assembly

has, in accordance with this permissive legislation, enacted in section 3150 Mills' Ann. Stats. that a location certificate must be filed within three months from the date of the discovery of mineral which shall contain the name of the lode, the name of the locator, the date of location, the number of feet in length claimed on each side of the center of the discovery shaft, and the general course of the lode, as near as may be; and has also declared, in section 3152 Mills' Ann. Stats. that, before the filing of such location certificate, the discoverer shall locate his claim by (1) sinking a discovery shaft upon the lode, etc.; (2) by posting at the point of discovery on the surface a plain sign or notice, containing the name of the lode, the name of the locator, and the date of discovery; (3) by marking the surface boundaries of the claim. This statute has not been assailed as invalid.

It will be observed from the statement of facts that the sole legal question for decision is whether in this state, as against another and subsequent valid location, a prior lode claim is good in locating which all the federal and state statutory requirements have been complied with except the mere failure to place a discovery notice upon the ground at the point of the only valid discovery made on the claim, when such notice was posted at the point of a former, but invalid, discovery, as recited in the recorded location certificate, and when the boundaries remain the same after, as before, the true discovery.

One object of the requirement that the discoverer shall, before filing his location certificate, post at the point of discovery a notice, is that those wishing to make subsequent locations may thereby be advised of the ground already appropriated, and this serves to hold his ground until his location is perfected within the statutory time. After the location

certificate is filed, the same object is secured in the shape of a permanent record which the statute requires shall contain not only the same facts which must appear on the sign or notice placed at the point of discovery on the ground, but still other data identifying the location. When filed in the proper office, the certificate takes the place of the notice on the ground, and after it is filed there is no necessity for posting, or keeping, at the point of a new and valid discovery, if the first alleged discovery is void, of a notice of what particular ground is claimed. The recorded notice sufficiently describes the ground claimed, and this recorded notice contains precisely the same things which the new notice, if posted, would include. Subsequent locators are already sufficiently, and duly, notified by that record, and the posting of a new notice would not give them any information which the record does not already furnish. It is a well-known fact that the boundaries as marked upon the ground, and the notices thereupon posted, within a very short time often disappear, and there is no requirement in the law that they shall be maintained or replaced by the locator in order to keep his location good.

In *Brewster v. Shoemaker*, 28 Colo. 176, it was held that the order of time in which the several acts of location were performed is not of the essence of the statutory requirement, and that it is immaterial that the discovery was made subsequent to the completion of the acts of location; provided, only, all the necessary acts are taken before intervening rights of third parties accrue; and it was there said that if all these necessary steps have been taken before intervening rights accrue, it would be useless and idle ceremony, where the discovery follows all the other acts of location, for the locator *again to locate his claim,* or to refile the old location certificate, or to

file a new one. Where the locator has performed all the several acts of location, except the discovery of mineral, and then makes a subsequent valid discovery, if no changes in boundaries occur, there is no reason why he should put at the point of the valid discovery a new notice for sufficient notice is already of record. In construing our statute we must keep in mind the objects of the different statutory requirements, and when there has been substantial compliance therewith, the statute is satisfied. In this case, before the Liverpool was relocated, notice by the recorded certificate had been given to the world of the segregation of the territory which the owners of the Maggie A. claimed; hence no rights of third parties would be protected or safeguarded by requiring the locators again to post at the point of a subsequent discovery a location stake or notice, for, if so placed, it would have on it only what the permanent record shows. We limit our decision to the facts before us. What may be the rule if the facts are essentially different from those in the case at bar, we are not called upon to determine.

The judgment of the district court being in conflict with this conclusion, it is reversed, and the cause remanded with instructions to enter judgment in favor of the appellant with respect to the Maggie A. lode.                                     *Reversed.*