[No. 4675.]

HEALEY ET AL. v. RUPP.

**1. Mines and Mining—Location of Claim—Order of Steps.**

The order in which the various steps requisite to make a valid location of a mining claim are taken is immaterial, provided they are completed before the rights of third parties intervene. Therefore, a discovery, though made after staking and record, will inure to the benefit of the locator, but only as of the day of such discovery; provided, of course, that others have not previously acquired rights to the premises upon which such discovery is made.—P. 28.

**2. Mines and Mining—Adverse Suits—Nature and Purpose.**

An action in support of an adverse against an application for patent partakes of the nature of one in ejectment, but some of the rules pertaining to that character of action are modified. The prime purpose of such a suit is to determine, for the information of the officers of the land department, which, if either, of the parties thereto is entitled to be vested with the fee of the premises in dispute by purchase from the government.—P. 28.

**3. Mines and Mining—Adverse Suits—Notice of Application for Patent—Nature and Effect.**

The notices required to be given of an application for patent are, in effect, a summons to all adverse claimants, and the latter must assert their rights by filing an adverse within the sixty days' publication of notice of application for patent in ac-

cordance with U. S. Rev. Stats., § 2325, and unless filed within that period, it will be conclusively presumed that none exists. —P. 29.

4.  Mines and Mining—Adverse Suits—Subsequent Discovery.

The rights of an adverse claimant to a mining· location are limited to those existing at the time of filing his adverse; and if he had no· claim then, he will not be heard to assert a right to the premises in dispute by virtue· of one brought into existence thereafter; otherwise, he would be permitted to assert title to the disputed premises by virtue of rights other than those upon which his adverse is based.—P. 29.

5.  Mines and Mining—Adverse Suits—Practice in Civil Actions —Pleading—Evidence.

Where, in a suit in support of an adverse of a mining location, plaintiff was not entitled to the judgment in accordance with the facts existing at the time of· filing his adverse, defendants are not precluded .from. objecting to such judgment by the fact that the jury found there had been no discovery made by them on the claim on which their application for a patent was based, as otherwise plaintiff, by complying with U. S. Rev Stats., § 2326, would be entitled to a patent for the premises awarded by the judgment, to which from the record he is not entitled by virtue of any adverse filed.—P. 30.

*Appeal from the District Court of Lake County.
Hon. Peter L. Palmer, Judge.*

Action by Albert J. Rupp against John Healey, Michael Gilmore, Patrick Grady and Patrick Cleary. From a judgment for plaintiff, defendants appeal.

*Reversed and remanded.*

Messrs. BLAKE & THOMPSON and Messrs. WELLS & CHILES, for appellants.

Mr. CHAS. CAVENDER, for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court:

The subject-matter of controversy is the conflict between two lode mining claims, known as the Canestota and Last Batch. The owners of the Last Batch

applied for patent, which was adversed by the
owners of the Canestota. Thereafter suit was
brought by appellee, as plaintiff, in support of this
adverse against the appellants, as defendants. From
a judgment for. plaintiff, the defendants appeal.
There have been several trials and the case has been
here once before for review:—28 Colo. 102. Prior
to the last trial, the record of which is presented by
this appeal, plaintiff, over the objection of defend-
ants, was permitted to file a supplemental complaint,
basing his right to the premises in controversy upon
a discovery as of a date many years subsequent to
the time of filing his adverse in the local land office.
Prior to the filing of this supplemental complaint the
plaintiff filed an amended and additional location
certificate, in which he claimed the premises in dis-
pute by virtue of the discovery mentioned in his sup-
plemental complaint. At the trial the plaintiff was
permitted to introduce testimony to prove the dis-
covery of mineral as alleged in the supplemental
complaint at the point designated in the amended
and additional location certificate. He did not at-
tempt to prove the presence of mineral in the dis-
covery shaft of his claim. The discovery of mineral
in the discovery shaft of the Last Batch was con-
troverted, as well as the discovery of mineral in the
Canestota at the point designated in the supple-
mental complaint. These questions were submitted
to the jury.

From this record counsel for appellants contend
that the court erred in permitting plaintiff to file his
supplemental complaint, and that it was error to
permit the plaintiff to introduce testimony tending
to prove the discovery of mineral at the point desig-
nated in his supplemental complaint, for the reason
that plaintiff's suit in support of his. adverse could
not be supported nor maintained as to discovery and

location except as claimed to exist by the adverse filed.

The general rule is, that the order in which the various steps requisite to make a valid location of a mining claim are taken is immaterial, provided they are completed before the rights of third parties intervene. Therefore, a discovery, though made after staking and record, will inure to the benefit of the locator, but only as of the date of such discovery, provided, of course, that others have not previously acquired rights to the premises upon which such discovery is made.—*Beals v. Cone,* 27 Colo. 473; *Brewster v. Shoemaker,* 28 Colo. 176; *The Treasury T., M. & R. Co. v. Boss,* 32 Colo. 27; *Erwin v. Perego,* 35 C. C. A. 482; *Uinta T., M. & T. Co. v. Creede & C. C. M. & M. Co.,* 119 Fed. 164.

The question presented by the record is, whether or not the plaintiff, as the claimant of the Canestota, is entitled to invoke this rule. An action in support of an adverse against an application for patent partakes of the nature of one in ejectment, but some of the rules pertaining to that character of action are modified. The prime purpose of such a suit is to determine, for the information of the officers of the land department, which, if either, of the parties thereto is entitled to be vested with the fee of the premises in dispute by·purchase from the government.—*McGinnis v. Egbert,* 8 Colo. 41; *Manning v. Strehlow,* 11 Colo. 451; *Becker v. Pugh,* 9 Colo. 589; *Wolverton v. Nichols,* 119 U. S. 485.

The proceedings in this case had their inception in the land office when the defendants filed an application for patent on the Last Batch lode. The next step was the filing of an adverse by the plaintiff as the owner of the Canestota, and the suit in support thereof is but a continuation of these proceedings to determine, as we have said, for the information of

the land department, which, if either, of the parties is entitled to a patent from the government for the premises in controversy.—*Wolverton v. Nichols, supra.*

The notices required to be given of an application for patent are, in effect, a summons to all adverse claimants.—*Wolfeley v. Lebanon Co.,* 4 Colo. 112. The latter must assert their rights by filing an adverse within the sixty days' publication of notice of application for patent.—§ 2325, Rev. Stats. U. S. Unless filed within that period, it will be conclusively presumed that none exists.—*Lily M. Co. v. Kellogg,* 74 Pac. (Utah) 518. So far, then, as an adverse claimant is concerned, it must necessarily follow that his rights to the premises in controversy must be limited to those existing at the time of filing his adverse. If he had no claim then, he will not be heard to assert a right to the premises in dispute by virtue of one brought into existence thereafter; otherwise, he would be permitted to assert title to the disputed premises by virtue of rights other than those upon which his adverse is based. The proof introduced on behalf of plaintiff failed to show the existence of the location which was the basis of his adverse against the application for patent on the Last Batch in this: That he offered no testimony to prove the validity of that location; on the contrary, the proof was of another location; or, if, strictly speaking, not of another, one which he did not prove had any valid existence at the time the adverse was filed. The location which he did prove, if good, had no validity whatever only from the time of the discovery claimed in his supplemental complaint, and had no existence until that time—a date long subsequent to that when his adverse was filed. A location without a discovery carries with it no rights. If no adverse is filed there can be no adverse suit. If the alleged rights upon

which an adverse is based are not established, then the suit in support thereof must fail.

Counsel for plaintiff contend that, as the jury found there was no discovery on the Last Batch, the defendants are not in a position to complain of the verdict and judgment which awarded the disputed premises to the claimant of the Canestota. If this were not a suit in support of an adverse, this contention would probably be correct. If the judgment is permitted to stand, then the plaintiff, by complying with the provisions of § 2326, Rev. Stats. U. S., would be entitled to a patent for the premises awarded by the judgment, which it does not appear from the record before us, he was entitled to by virtue of any adverse filed; but upon a location of such premises brought into existence long after the expiration of the period within which he was entitled to adverse the application for patent on the Last Batch.

The judgment of the district court is reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

*Reversed and remanded.*

Mr. JUSTICE GODDARD and Mr. JUSTICE BAILEY concur.