[No. 5462.]
[No. 3132 C. A.]

## INGEMARSON ET AL. V. COFFEY.

1. **Mines and Mining—Relocation—Sufficiency.**

A mineral lode had been located and abandoned by different persons who had driven an adit on the lead, which, after the abandonment, had caved in and was filled with earth and overgrown with weeds. A subsequent locator placed his discovery notice on the lead near the adit, and did some work in the old adit, picking in on the vein about 472 feet, and made a new face about 12 feet high. Held, that such work was neither in compliance with the statute concerning the location of mining claims (Mills' Ann. Stats., §§ 3152, 3154, 3155), nor with the relocation of one (Mills' Ann. Stats., § 3162).—P. 410.

2. **Practice in Civil Actions — Instructions — Eliminating Evidence.**

Where, in an action of ejectment by a subsequent locator of a mining claim, there is no pretense that the prior locator did the requisite location work within 60 days from his discovery, an instruction that if the discovery was made by the prior locator more than 60 days before the subsequent relocation, plaintiff was entitled to recover, was not reversible errors as eliminating the possibility that the prior locator had done the location work and had otherwise complied with the law.—P. 412.

3. **Practice in Civil Actions—Ambiguous Instructions—Construing as a Whole.**

Where the court, in the instructions, gave every step which the law requires to be taken in making a valid mining location, a phrase in another instruction "that the plaintiff complied with

all the requirements of the law" was not ambiguous because the jury was not informed as to what the requirements of the law were.—P. 412.

**4. Same.**

Where the court, in one instruction, charged "that only the unappropriated mineral lands of the United States are open to exploration and location as a mining claim," another instruction defining the requirements of law in making locations was not erroneous for failing to state that it is only on unappropriated mineral lands of the United States that a mining location can be made.—P. 413.

**5. Mines and Mining—Locations—Location Work—When Performed.**

The 60 days within which the discoverer of a mining claim must perform his location work runs from the date of the discovery of mineral and erecting the discovery notice; and one cannot extend the time within which to do this work by changing the date on his discovery stake, or by renewing his notice of discovery.—P. 413.

**6. Appellate Practice—Erroneous Instructions—Harmless Error.**

Where a verdict is clearly right, according to the law and the evidence, or is the only one which could have been found consistent with the evidence, the giving of erroneous instructions is harmless error, and not ground for reversal.—P. 415.

*Appeal from the District Court of Boulder County. Hon. James E. Garrigues, Judge.*

Action by Henry N. Coffey against L. Ingemarson and N. J. Nelson. From a judgment for plaintiff, defendants appeal.        *Affirmed.*

Mr. J. WARNER MILLS, for appellants.

Mr. NORTON MONTGOMERY, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

In this case the appellants say that the pleadings are in proper form and that the verdict is justified by the evidence, but that the jury was improperly instructed. It appears that in the Gold Hill mining district, in Boulder county, there is a mineral lode

which for several years had been located and abandoned by different people. These various locators had driven an adit upon the lead. After the abandonment of the property this adit had caved in and was filled with earth and rock and overgrown with weeds. Upon January 1st, 1903, appellant Nelson placed upon this lead, near the adit above mentioned, his discovery notice, claiming the lead for himself and one Larsen. He performed no work of any kind on the claim, and upon the 28th day of March, 1903, he erased the former date and placed "March 28th" on the notice. He did no work after that time, and on the 31st of May he erased "March 28th" and placed "May 31st" upon the board. The first week in June Nelson did two days' work upon this claim, and some time before that one Carlson did two days' work for Nelson, a portion of it being upon this claim and a portion upon another. Concerning the work done by Nelson he says that he "picked on from the foot wall back toward the hanging wall. The vein must be nine or ten feet wide, and he just picked with a pick and shoveled it out. He did not get clear to the bottom of the tunnel. He started up a little here, and picked and shoveled it away. He went up the mountain and picked down, didn't go clear to the top as it was so high, over twenty feet from the top to the bottom." Upon cross-examination he said that "about the 10th of June for about two days he picked in on the vein in a white porphyry as far as he thought it would be needed, about four and one-half feet. Carlson worked in the same place. He considered he had done the location work as provided by law. He had made a new face in the white porphyry about twelve feet high."

This is all the work that was done upon the claim by Nelson or for him or his grantee, appellant Ingemarson, until September. On the 13th of July,

1903, appellee posted his notice of discovery upon the claim, and in about thirty days commenced work, for the purpose of perfecting his location, and performed all the work and more than required by statute. On the 10th of September, 1903, Nelson sold the claim to Ingemarson. Ingemarson ousted appellee and took possession of the claim himself. Then appellee brought this action in ejectment. This is the state of affairs which existed, according to the testimony of defendants and their witnesses. Plaintiff and his witnesses assert that previous to the 13th of July no work had been done upon the property, but, as we view it, this conflict in the testimony is immaterial.

The statute provides that within sixty days from the time of making the discovery, a shaft ten feet deep shall be sunk; or an open cut, cross-cut, or tunnel, which shall cut a lode at a depth of ten feet below the surface, shall be made; or an adit at least ten feet in along the lode from the point where the lode may be in any manner discovered, shall be made.—§§ 3152, 3154, 3155, Mills' Ann. Stats.

Section 3162, Mills' Ann. Stats., provides:

"The relocation of abandoned lode claims shall be by sinking a new discovery shaft and fixing new boundaries in the same manner as if it were the location of a new claim; or the relocator may sink the original discovery shaft ten feet deeper than it was at the time of abandonment."

The work that was done, according to the testimony of Nelson, cannot by the most liberal construction be said to be a substantial compliance with the statutes concerning the location of a claim or the relocation of an abandoned one.

The instructions given by the court to the jury which are complained of by appellants, and upon

which they rely for a reversal of this case, are as follows:

"No. 2. The court instructs the jury that the sixty days within which the discoverer must perform his location work commences to run from the date of the discovery of mineral and erecting his discovery notice; and that a person cannot extend his time to do his work by changing the date on his discovery stake—or by renewing his notice of discovery; and, in this case, you are instructed, that if you believe from the evidence, that the discovery of a vein, or mineral in place, was made by Nelson a period of more than sixty days before the 13th of July, 1903, and that he placed a discovery notice on said claim more than sixty days prior to plaintiff's discovery, and you further believe from the evidence that the plaintiff complied with all the requirements of the law, then it is your duty to find for the plaintiff."

"No. 3. The court instructs the jury that where two persons claim the right to a certain lode or vein, the person who first makes a valid discovery is entitled to the ground included within his claim, provided he complied with all the provisions of the law, but after making a discovery and posting a notice a person loses all of his rights unless he further complies with the law by doing his location work within sixty days from the date of his discovery, and in this case if you believe from the evidence that the defendant Nelson placed a discovery notice on said lode in January or March, and you further believe that he failed to complete his location prior to the time when plaintiff made a discovery on said lode, then you should find for the plaintiff, provided that plaintiff complied with the provisions of the law after his discovery."

"No. 4. The court instructs the jury that if you believe from the evidence that the plaintiff discov-

ered, located and recorded the 1903 lode according to
the requirements of the law as stated in other instruc-
tions prior to the filing of defendant's amended and
additional location certificate in February, 1904, you
cannot consider such amended certificate of location
of the Red Star Number 1 Lode for any purpose
whatever, and entirely discard the same in making
up your verdict.''

It is contended that instruction No. 2 is faulty
because the jury was substantially directed to find for
the plaintiff, if Nelson made a discovery more than
sixty days before plaintiff's discovery, and if he
placed a discovery notice on the lode more than sixty
days prior to July 13th, and if the plaintiff complied
with all the requirements of the law. The contention
is that the second proposition, namely, that the dis-
covery was made more than sixty days before July
13th, is wrong because it eliminates the possibility
that defendants had done their location work, mark-
ing the boundaries, filing the location certificate and
otherwise complying with the law. There is no pre-
tense that this was done within the sixty days from
the time of the discovery, namely, the first of Janu-
ary, 1903, and as we have seen, it was not done after
the date on discovery notice was changed the last
time. The other contention is that the phrase ''that
the plaintiff complied with all the requirements of
the law'' is ambiguous because the jury was not in-
formed as to what the requirements of the law were.
In the first instruction requested by the defendants
and given by the court, every step which the law re-
quires to be taken in order to make a valid location is
minutely described, and so in one other instruction
given by the court to the jury. It could have served
no useful purpose to have again repeated in this in-
struction what the court had already twice told the
jury.

The objection to the third instruction is that the months of January and March only are mentioned, while the defendants relied upon the discovery and location of May 31st.

The objection to the fourth instruction is that the jury was told to ignore the certificate of location on the sole condition that plaintiff located his lode "according to the requirements of the law as stated in the instructions."

It is said by appellants in their brief that the only instruction which refers to the "requirements of the law" in making locations fails to tell the jury that it is only on the public unappropriated mineral domain of the United States that a mining location can be made. As above stated, the court gave two instructions defining the requirements of the law, one at the instance of plaintiff and one at the instance of defendants.

The first clause in the one given at the instance of defendants is as follows:

"The court instructs the jury that only the unappropriated mineral lands of the United States are open to exploration and location as a mining claim."

This is a sufficient answer to the contention of appellant in relation to instruction No. 4. The defendants could not have been prejudiced by any of these instructions if the first proposition made in instruction No. 2 is correct, namely, "that the sixty days within which the discoverer must perform his location work commences to run from the date of the discovery of mineral and erecting his discovery notice; and that a person cannot extend his time to do his work by changing the date on his discovery stake —or by renewing his notice of discovery."

The statute contemplates that the work shall be performed within sixty days from the time of making the discovery. There cannot be two discoveries of

the same thing by the same person. The law having fixed the time in which the work must be performed, the claimant has not the power or authority to extend or enlarge that period for his own convenience.

Mr. Morrison says:

"It seems useless to add that if the discovery shaft is not completed within the legal time, it is mere folly to pull down the old notice and put up another of a later date. The sixty days begin to run from the date of discovery, and no self-serving act of the prospector can enlarge the time."—Morrison's Mining Rights (10th ed.) 34.

Lindley, in this connection, says: The locator "ought not to be permitted to re-enter and oust himself, predicating such re-entry and ouster on his own delinquency, and permitting him to re-enter and re-oust himself periodically to save the necessity of developing his claim.

"To say that the original locator has the power within himself to make effectual a forfeiture arising from his own delinquency by perfecting a relocation, is to place in his hands the extraordinary privilege of holding mineral lands perpetually without doing any of the work whatever. * * *—McCann v. McMillan, 129 Cal. 350."—1 Lindley on Mines, § 405.

If Nelson could make a discovery and post his discovery notice on the first of January, and, without performing any labor, erase the former date and re-date the notice in March, and, again without performing any labor, do the same act in May, to the exclusion of those who desire to make a location upon the same property and develop it, there is no reason why he might not continue so to do indefinitely until he found some person who was able and willing to buy him off. If Nelson could hold this property for five months without making his discovery shaft, he could hold it for five years. This is not what the law

contemplates. So that even though the instructions given by the court to the jury might have been faulty and might not have been drawn with the care which they should have been, defendants were in no wise prejudiced, but under the testimony of Nelson himself the court should have directed a verdict for the plaintiff. Where a verdict is clearly right, according to the law and the evidence, or is the only one which could have been found consistent with the evidence, the giving of erroneous instructions is harmless error and not a ground for reversal.

Conceding that the instructions are erroneous, still the defendants have not been prejudiced, and the judgment of the district court will, therefore, be affirmed.                                                    *Affirmed.*

Chief Justice Steele and Mr. Justice Goddard concur.