[No. 6774.]

EUREKA EXPLORATION CO. v. TOM MOORE MINING AND MILLING CO.

MINING CLAIM—*Location—Time for Completion*—The rule announced in *Ingemarson v. Coffey*, 41 Colo. 407, that the locator of a mining claim cannot by re-location extend the time for completing his location, is without application where no right of third persons has intervened. If everything required by the statute is done and completed before other rights intervene, this suffices—(626).

*Appeal from San Juan District Court.*—HON. CHARLES A. PIKE, Judge.

Messrs. SEARCY & WAY, for appellant.

The subject matter of controversy involved in this appeal is the conflict between the J. A. P. and Valentine lode mining claims.    Appellee applied for a patent for the J. A. P.    The appellant, as owner of the Valentine, filed an adverse, and thereafter brought an action to support it.  The pleadings of the respective parties are the usual ones in actions of this character.

The original locator of the Valentine was a witness on the part of plaintiff.    His testimony was to the effect that the Valentine was located on unoccupied public mineral domain; that he had first located the ground included within its exterior boundaries in January, 1905, and called it the Forest Queen or Forest Grove; that in March, and again in May, of the same year, he had re-located the same ground under one or the other of the above names, and in February, 1906, located it as the Valentine.    Under the locations made in 1905 he did some work in the way of excavating a discovery cut, which he further excavated and completed so as to make it of the necessary dimensions after the location of the Valentine.    It appears without question, from his testimony, that the requisite steps to constitute a valid location of the Valentine were taken, provided the discovery cut could be utilized for that location.

At the conclusion of the testimony on behalf of plaintiff a motion for non-suit was interposed and sustained. At this time there was no evidence whatever tending to prove that either the defendant, by virtue of its alleged ownership of the J. A. P., or any one else, had acquired any rights or interests in the ground in controversy.    The motion for a non-suit was based and granted upon the sole ground (quoting from the record) "That the discovery cut made by P. C. Molan, locator of the Valentine lode, was partly made under former location notices by

said locator posted and naming said claim different
names from the Valentine, and that the discovery cut as
finally completed was, therefore, invalid." After this
moiton was sustained, the defendant proceeded to intro-
duce its evidence. The court denied plaintiff the right
to cross-examine defendant's witnesses, or take any fur-
ther part in the case. Upon the completion of the intro-.
duction of the testimony on the part of the defendant, the
case was submitted to the jury, and a verdict returned
in its favor. Judgment was entered thereon, from which
the plaintiff has appealed.

Mr. JUSTICE GABBERT delivered the opinion of the
court.

The motion for non-suit was based and sustained upon
the theory that the location of the Valentine lode claim
was void for the reason that it was made upon the ground
which the original locator had, from time to time, located
under different names, under which a discovery cut was
partially excavated, which, as extended, after locating
the ground as the Valentine, was made the discovery cut
of the latter. At the time this motion was interposed, it
did not appear that any rights of defendant or any one
else, had attached to the ground in controversy. In
*Ingemarson v. Coffey*, 41 Colo. 407, we held that a lo-
cator, by re-locating, cannot extend the time within which
necessary steps must be taken to complete a location. The
law has fixed the time within which these steps must be
taken, and the locator can not extend or enlarge that
period by re-location for his own convenience; but this
rule only applies where the rights of third parties have
intervened. The fact that the locator of the Valentine
had previously located the same ground under different
names, and under such locations, had done some work

upon a discovery cut, but had never perfected any of these locations, cuts no figure in the circumstances of this. case. Plaintiff finally completed the location of the ground, and it is immaterial that he did not do so within the time the law prescribes, in the absence of any showing whatever that the rights of the defendant to the ground in controversy had attached in the interim by virtue of the location of the J. A. P., or that any one else had superior rights in such ground which would invalidate the Valentine location. The time within which the steps requisite to constitute a valid location of a mining claim is completed, is immaterial, provided they are all completed and performed before the rights of third parties intervene.—*Healey v. Rupp*, 37 Colo. 25; *Treasury T., M. & R. Co. v. Boss*, 32 Colo. 27; *Brewster v. Shoemaker*, 28 Colo. 176; *McGinnis v. Egbert*, 8 Colo. 41; Morrison's Mining Rights (14th Ed.) 101.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and Remanded.*

Mr. Justice Musser and Mr. Justice Hill concur.