296 P.2d 447

H. FRAZIER, George W. Denton, Lon A. Fuller, Clint Camp and J. W. Cobb, Appellants,

v.

CONSOLIDATED TUNGSTEN MINES, Inc., an Arizona Corporation, Appellee.

No. 6089.

Supreme Court of Arizona.

May 1, 1956.

Edward B. Ashurst, Wickenburg, for appellants.

Byrne & Byrne, Prescott, for appellee.

PHELPS, Justice.

This is an appeal from a summary judgment granted in favor of plaintiff-appellee and against defendants-appellants and counterclaimants in that action. The parties will be referred to hereinafter as plaintiff and defendants, as designated in the trial court.

The facts are substantially as follows: Plaintiff filed a complaint in which it alleged that it was the owner, subject only to the title of the United States, of certain described unpatented mining claims; that defendants claimed an estate or interest in them adverse to that of plaintiff; that such claim was without any right whatsoever. The prayer was that it be declared that defendants have no interest in said mining claims and that they should be enjoined from asserting any claim thereto.

Defendants' answer, duly filed and subsequently verified under oath, denied that plaintiff had any claim to said mining claims. In defendants' "First Further and Separate Answer and Affirmative Defense" to plaintiff's complaint, they alleged that these mining claims belong to defendants. Defendants alleged that no location work, or any other work was ever done by plaintiff upon six of plaintiff's claims, nor was a shaft eight feet deep, four feet wide by six feet long dug thereon disclosing mineral in place within 90 days after the claims were located by the locators thereof, nor was any discovery shaft, as aforementioned, sunk on the above-named mining claims until after the claims were located by one W. R. Daugherty on July 1, 1954. It is further alleged that no labor was done or were improvements made by plaintiff on such claims in the value of $100 or any other amount, after February, 1952, and that on July 1, 1954, these claims became open to location.

It is alleged that on July 1, 1954, W. R. Daugherty entered upon the mining claims described in plaintiff's complaint and located them by posting notices of location; that on July 17, 1954, Daugherty officially recorded the claims as his own; that on August 15, 1954, Daugherty conveyed his interest in the mining claims to the defendants who perfected the location of said claims within 90 days following July 1, 1954, by sinking on each claim a discovery shaft eight feet in depth, four feet wide and six feet in length discovering mineral in place, and monumented the same as required by law.

A counterclaim erroneously labeled "Cross-complaint" was filed and subsequently verified under oath alleging that defendants had title to the mining claims and praying that plaintiff be forever enjoined from claiming any interest in said mining claims.

This was the state of the record at the time that plaintiff made a motion for summary judgment accompanied by an affidavit containing the statement of Garth A. Brown. As it appears in the abstract of record submitted by defendants, Mr. Brown's statement alleges:

"* * * that he was on the ground covered by the claims of the said plaintiff between the 17th day of August, 1854, and the first day of September, 1954, in charge of assessment work done on said claims at the request of the said plaintiff; that at that time, there had been no location work done by the defendants or on their account, and if any such location work was actually done, it was done at a date subsequent to the doing of the assessment work hereinbefore described."

From an examination of the record we shall assume that the date in the affidavit as shown by the abstract of record described as the 17th day of August, 1854, was meant to be the 17th day of August, 1954. (The original affidavit is not in the record.) There were no controverting affidavits filed in opposition to the one filed by plaintiff above set forth.

Inasmuch as the pleadings present a number of disputed facts concerning the ownership of the mining claims involved, viz., the question of whether the claims were open to location on July 1, 1954; whether plaintiff had done discovery work on certain of said claims and whether it had done the assessment work on any of them since February 2, 1952, and inasmuch as the only question presented to the trial court by its motion for a summary judgment is whether the pleadings and the affidavit filed by plaintiff presented a genuine issue of material fact, we believe we may be justified in assuming that the order for summary judgment was based upon the contents of the affidavit of Garth A. Brown filed on behalf of plaintiff. If the above assumption is correct, we are of the view that treating the affidavit to be true, as we must do under the circumstances, plaintiff's position was not battered thereby.

If plaintiff had not done its assessment work for the year 1953–54 the mining claims became open for location or relocation on July 1, 1954, and if defendants' predecessor in interest, W. R. Daugherty, initiated his right to perfect the location of said claims by discovery of ore in place and by posting notices of location thereon according to law, defendants had 90 days therefrom within which to perfect said location. The fact that plaintiff during the month of August, 1954, or at any other time within said 90-day period did its assessment work for 1954–55 did not have the effect of

reviving any legal rights to said claims which it may have had under its original location. And if defendants perfected their location thereof within said 90-day period any assessment work done by plaintiff subsequent to the initiation of defendants' right in and to said claims would avail plaintiff nothing. McDonald v. McDonald, 16 Ariz. 103, 144 P. 950. This question was precisely presented in that case. See also Peachy v. Gaddis, 14 Ariz. 214, 127 P. 739; and Hartman Gold Mining Co. v. Warning, 40 Ariz. 267, 11 P.2d 854. Of course the result would have been different had plaintiff begun its annual assessment work prior to the initiation of a right thereto by Daugherty.

■■■ If, as suggested by counsel for plaintiff, the granting of plaintiff's motion for summary judgment by the court was based upon the proposition of law that defendants' predecessor in interest, Mr. Daugherty, who posted and recorded the notices of location of said mining claims, initiated no right to said claims which he could convey to the defendants and that said attempted conveyance did not vest defendants with any interest in said mining claims, we cannot agree with that view.

As stated in the cases above cited, if the assessment work for 1954–55 did not begin until Mr. Daugherty's right was initiated by discovery of ore in place and by posting notice of location, Daugherty thereby acquired the right to exclusive possession of the ground located by him and the work done by plaintiff was without effect to restore any rights to plaintiff in the claims so relocated. McDonald v. McDonald, supra. If Daugherty acquired the exclusive right to the possession of the claims for the full 90-day period within which to complete his location of said mining claims under the law, certainly he had a right in and to said claims which could be conveyed to the defendants. Bay v. Oklahoma Southern Gas, Oil & Min. Co., 13 Okl. 425, 73 P. 936; Weed v. Snook, 144 Cal. 439, 77 P. 1023; United States ex rel. United States Borax Co. v. Ickes, 68 App.D.C. 399, 98 F.2d 271. The Federal statutes expressly provide that placer claims

" * * * shall be subject to entry and patent, under like circumstances and conditions, and upon similar proceedings, as are provided for vein or lode claims * * *." Rev.Stats., Sec. 2329 (1878), 30 U.S.C., Sec. 35 (1934), 30 U.S.C.A. § 35.

Therefore it would appear that it is immaterial whether the possession involves a placer or a vein or lode claim, the legal status of the locator as to the right of possession insofar as the facts in this particular case are concerned would be the same in the one as in the other and is capable of transfer by conveyance. Union Oil Co. of California v. Smith, 249 U.S. 337, at page 349, 39 S.Ct. 308, 63 L.Ed. 635, at page 641.

It is further argued that defendants have not alleged a discovery of minerals in place. Neither has plaintiff alleged the discovery of minerals in place in its complaint. Defendants denied that plaintiff had ever done any discovery work on six of the claims involved. It is alleged that defendants posted notices of location on the claims involved and the law requires that they show discovery of ore in place and the boundaries of said claims are determined by measurements from the discovery monument which appear to be coterminous with the boundaries of plaintiff's claims. Furthermore defendants were entitled under the law to adopt the discovery of ore in place made by plaintiff if they desired to do so.

We do not commend the pleading as a model but we do believe that the plaintiff's complaint, the two answers thereto and the counterclaim heretofore analyzed create genuine issues of material fact.

We believe it appropriate here to observe that affidavits filed in support of a summary judgment may be used for the purpose of determining whether an issue of fact is presented but they cannot be used as a basis for deciding the fact at issue. It was said in Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 581, cited in Reynolds Metals Co. v. Metals Disintegrating Co., D.C., 8 F.R.D. 349, that:

"* * * no matter how likely it may seem that the pleader will be unable to prove his case, he is entitled,

upon averring a claim, to an opportunity to try to prove it. * * *"

We are of the view that the court clearly erred in granting plaintiff's motion for a summary judgment under the circumstances of the case.

Therefore the order and judgment of the court is reversed and the cause remanded with directions to reinstate the case for trial on its merits.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.